# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

Junior M. RICKETTS
        Petitioner,

        v

Charles MULE,
Facilities Director, Buffalo Federal
Detention Facility:
David VENTURELLA,
Director, Post-Order Detention Unit,
Bureau of Immigration and Customs
Enforcement;
Peter J. SMITH,
District Director, U.S. Citizenship and
Immigration Services;
Alberto GONZALES,
Attorney General of the United States
        Respondent

Civil Action No. 07-CV-0138-Sr

Immigration File No: A 27-024-434

**PETITIONER'S RESPONSE TO
RESPONDENT'S ANSWER AND
RETURN AND MEMORANDUM OF
LAW**

## INTRODUCTION

Petitioner's Response To Respondent's Answer and Return and Memorandum of Law in Opposition to Petitioner's Petition For Writ Of Habeas Corpus. In the petition for a writ of habeas corpus filed under 28 U.S.C. §2241 Petitioner is challenging his indefinite detention as unlawful and unconstitutional under Zadvydas v. Davis, 533 U.S. 678 (2001) and Ngo v. I.N.S., 192 F.3d 390 (3d Cir.1999) not his underlying order of removal which, contrary to Respondent's statement, is still pending in the Court of Appeals for the Third Circuit. Also,

-1-

Petitioner raised an important issue of whether or not evidence that were used in violation Petitioner's constitutional due process rights were clear and convincing evidence that proved Petitioner is an alien, and as a result, contributed to his continued detention. The fact that this question is related to Petitioner's detention pursuant to 28 U.S.C § 2241, and not a question of a national claim challenging a removal order, this court has jurisdiction to examine whether or not a person is an alien.

## QUESTIONS PRESENTED

I. Whether Bureau of Immigration and Custom Enforcement ("ICE") Violation Of its Own Federal Regulations Violates Petitioner's Fifth Amendment Rights To Due Process.

II. Whether Bureau of Immigration and Custom Enforcement ("ICE") Has Satisfied Its Burden Of Showing That Petitioner Is Likely To Be Removed In The Reasonably Foreseeable Future.

## STATEMENT OF FACTS

The Petitioner was convicted on January 9, 1995, of illegal entry and harboring aliens in the United States in violation of 8 U.S.C. §1324(a)(1)(D). The Petitioner was also convicted embezzlement of funds from a federal funded government agency, fraud

and misuse of an alien registration card, and illicit transportation of a minor with the intend to engage in sexual activity in violation of 8 U.S.C. §§ 666(a)(1)(A), 1546, and 2423. As a result of these convictions the Immigration and Naturalization Service served the Petitioner with a Notice to Appear (Form I-862) and charged him with deportability under sections 237(a)(1)(A), 237(a)(1)(B), 237(a)(2)(A)(iii), and 237(a)(3)(D), of the Immigration and Nationality Act, 8 U.S.C. §§1227(a)(1)(A), 1227(a)(1)(B), 1227(a)(A)(iii) and 1227(a)(3)(D). On November 3, 1999, an Immigration Judge who stated that his claim to US citizenship was not proven ordered Petitioner removed to Jamaica. See Exhibit "D," Immigration Judge order.

On March 08, 2000, the Board of Immigration Appeals (BIA) concurred with the Immigration Judge and Petitioner order of removal became final. On or about March 21, 2000, Petitioner timely filed a petition (Case No: 00-3270) in the U.S. Court of Appeals for the Third Circuit for a judicial review of the BIA decision on his final order of removal and claims of United States nationality. A motion for a stay of removal pending his judicial review was also submitted at that time.

On or about April 03, 2000, Petitioner was physically removed to Jamaica by the Immigration and Naturalization Service (INS/ICE)(who knew that he had filed for a judicial review of his non-frivolous claim to U.S. citizenship in the Court of Appeals for the Third Circuit under Case: 00-3270) before the court had made a decision on the petition for review or motion to stay removal in violation of his Fifth Amendment rights. Fifth Amendment mandates that any person with a non-frivolous claim to American citizenship receive a judicial evaluation of that claim. Petitioner up till now is not given the chance to have his claim of American citizenship judicial evaluated.

On or about April 09, 2002, after spending more than two years in the Jamaica Constabulary Force Immigration custody, he was repatriated home with the help of the United States Embassy and the Jamaican Government.

On or about April 22, 2005, while serving a New York State conviction at the Hudson Correctional Facility, an agent from the Department of Homeland Security interviewed Petitioner. Petitioner explained to the agent that he is an U.S. citizen, and the nature of his removal and repatriation. At the conclusion of the interview, the agent informed the Petitioner that he will investigate the information received, and if such information is not verified, he will return in a week to serve the appropriate papers (See Respondent's Answer and Return, Page 33-35). No Form I-871 (Notice/Intent to Reinstate Prior Removal Order) was discussed or served on the Petitioner and/ or the Correctional Superintendent pursuant to federal regulation on April 22, 2005. The agent or no other agent for the Homeland Security had returned to see the Petitioner.

On September 5, 2006, on the day Petitioner was paroled from the New York State Correctional Department, he was placed in the custody of the Immigration and Custom Enforcement (ICE) pursuant to a detainer (Form I-247) and warrant of removal (Form I-205) dated November 03, 1999.

On September 13, 2006, Petitioner sent the Consulate General of Jamaica a notarized and certified letter informing them of his incarceration under the Jamaica Constabulary Force Immigration Department when he was deported

there on April 03, 2000, and requested that they investigate the complain and report their finding to him and ICE. See Exhibit "C," letter to the Consulate.

On October 17, 2006, Deportation Office Koson at the Batavia Federal Facility told Petitioner that he is scheduled for removal. Because of Deportation Officer Koson oral removal statement, a timely notice of petition for review was filed on October 30, 2006, and the Court of Appeals for the Third Circuit on the same date granted petitioner leave to proceed in Forma Pauperis. An application for a stay of deportation pending the petition for review was also submitted to that Court at that time. See Exhibit "E", Petition for Review and Petitioner's Affidavit.

On November 21, 2006, Respondent presented to the Court of Appeals for the Third Circuit a Motion to Dismiss and Opposition to Motion for Stay of Removal stated that Petitioner's petition for review was untimely.

On or about November 28, 2006, Petitioner submitted a reply to that Court, in which he argued that not only was the Form I-871 invalid, falsified, but that it was never served on him or the Superintendent pursuant to the ICE regulations.

On March 8, 2007, as a result of ICE violation of its own federal regulations 8 U.S.C. § 241.4 and the Fifth Amendment's Due Process Clause In *Zadvydas*, Petitioner filed in this Court a Federal Petition for writ of Habeas Corpus pursuant to 8 U.S.C. § 2241.

On April 16, 2007, the Court of Appeals for the Third Circuit erroneously dismissed Petitioner's Petition for Review and mooted his Motion for Stay of Removal.

On April 22, 2007, as a result of the Court of Appeals for the Third Circuit application of the wrong standard and principles to the issue of Petitioner's untimeliness, Petitioner petitioned that Court for a Rehearing and/ or a Rehearing En Banc. See Exhibit "A", Clerk of Court acknowledged of receipt of Petitioner's Petition for Rehearing. See also Exhibit "B", Copy of the Petition for Rehearing. Since the Court of Appeals for the Third circuit has not yet made a ruling on the Petition for Rehearing, and has not issued any mandate, Petitioner's Petition for review of a reinstated removal order and claim to United States Citizenship are still in pending status.

## ARGUMENTS

### Point I

**The Bureau of Immigration and Custom Enforcement ("ICE") Violation Of Its Own Federal Regulations Violates Petitioner's Fifth Amendment Rights To Due Process.**

**A.     Preliminary Statement**

Prolonged detention raises substantial questions of constitution dimensions. See Jabir v. Ashcorkt, No. Civ. A. 03-2480, 2004 WL 60318, at 86(E.L. La. Jan. 8, 2004)."Deportable aliens, even those who have already been ordered removed, possess a substantive Fifth Amendment liberty interest..." Ly v. Hansen, 351 F.3d 263, 269 (6th Cir. 2003). According, aliens under an order of removal are entitled to an opportunity to be heard on the question of prolonged

detention, and they may be kept locked up only if incarceration is justified. As recognized in <u>Ngo v. INS</u>, 192 F.3d 390, 397(3d Cir. 1999). " Freedom from imprisonment—from government custody, detention, or other from of physical restraint—lies at the heart of the liberty that the Fifth Amendment's Due Process Clause protects." <u>Zadvydas</u>, 533 U.S. at 690, 121 S.Ct. 2491. In *Zadvydas*, the Court stated that " government detention violates that Clause unless the detention is ordered in a criminal proceeding with adequate procedural protections, or, in certain special and 'narrow' non-punitive 'circumstance,' where a special justification, such as harm-threatening mental illness, outweighs the 'individual's constitutionally protected interest in avoiding physical restrain.'" <u>Id</u>. The fact that Petitioner, in this instant case, has seek judicial review of a removal order does not undermine the bedrock principal that there must be a "special justification" outweighing the alien's constitutional-protected interest in liberty, as well as "adequate procedural protections" to continue incarceration while the alien litigates his claims. <u>Id</u>. At 690, 691, 121 S.Ct. 491.

## B.    ICE violated Petitioner's Constitutional Rights to Due Process

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). INA § 241(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within 90-day" removal period."

> The removal period begins on the latest of the following:
> (i)    The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)    If the alien is detained or confined (expect under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231(a)(1)(B)

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively reasonable six-month period of post-removal-order detention has passed, an alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678(2001); Clerk v. Martinez, 543 U.S. 371(2005). In addition § 1231(a)(1)(C) provides that the removal period shall be extended and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, in this instant case, it appears that the Respondent is arguing that Petitioner is subject to detention because he sought review of the reinstated removal order in the Court of Appeals for the Third Circuit. (See Respondent's Memorandum of Law, Paragraph B)  Section 1231(a) does not give the Respondent any legal authority to toll the six-month presumptively reasonable post-order removal period because Petitioner seek a judicial review of a removal order when no stay of removal had been entered. A judicial review of removal

order, when no stay of removal had been entered, did not suspend the running of the removal period. Because no stay of removal had been entered, the period of time within which removal should have occurred had expired and the continuing detention of Petitioner is unreasonable. In addition, Petitioner is entitled to consideration for release form confinement in accordance with regulation promulgated at 8 C.F.R. §241.4

8 C.F.R. &241.4(f) states:

> If Petitioner's detention continues for an extended period while awaiting removal, he is entitled to custody reviews by the Department of Homeland Security Bureau of Immigration and Custom Enforcement (ICE) on a regular basis. 8 C.FR § 241,4(k). During the file custody review, Petitioner may present evidence of circumstances that would justify his supervised release or evidence of circumstances that would establish that the Department of Homeland Security would not be able to carry out his removal in the reasonably foreseeable future. See 8 C.F.R. § 241.13.

In this case on hand, Petitioner has been in ICE Custody from September 5, 2006, will over six months, and yet ICE has failed to provide adequate due process or to comply with its own regulation promulgated at 8 C.F.R. §241.4, explaining: An alien who has filed a petition for review of an order of removal but who as not received a stay of deportation is subject to the provision of 8 U.S.C. §1231. Detention beyond the removal period may be maintained only upon compliance with applicable process. In the case of criminal alleged alien, such as Petitioner, that process is specified in 8 C.F.R. §241.4. The record is evident that

ICE had not applied to the Petitioner the provision of 8 C.F.R. §241.4. , And

because of ICE violation, Petitioner was denied due process.  See <u>Oyedeji v.</u>

<u>Ashcroft</u>, 332 F.Supp.2d 747(M.D. Pa 2004)

## <u>Point II</u>

**The Bureau of Immigration and Custom Enforcement ("ICE") Has Not Satisfied Its Burden Of Showing That Petitioner Is Likely To Be Removed In The Reasonably Foreseeable Future.**

**A. Preliminary Statement**

Under *Zadvydas,* an alien is eligible for conditional release from detention

pending removal, following expiration of the three-month mandatory detention

period and the three-month discretionary period, upon demonstrating that there is

no significant likelihood of removal in the reasonably foreseeable future.

Immigration and Nationality Act, § 241(a), 8 U.S.C.A. § 1231(a).

**B. ICE Has Not Satisfied Its Burden**

The detention and release of aliens ordered removed is governed by the

provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has 90

days to remove an alien from the United States after his order of removal.  In this

case, the removal period began on September 5, 2006.[1] Detention during the 90-day removal period is mandatory. 8 U.S.C. § 1231(a)(2). Once the 90-day period has expired, an alien can be released, subject to specified conditions. 8 U.S.C. § 1231(a)(3).   However, pursuant to 8 U.S.C. § 1231(a)(6), criminal aliens, inadmissible aliens, or other aliens considered a flight risk or danger to the community may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6).

The issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period was resolved by the Supreme Court in Zadvaydas v. Davis, 533 U.S. 678 (2001). Recognizing that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that § 1231(a)(6) " limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal form the United States.   It does not permit indefinite detention." Id. At 689.   The Court held that " once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statue." Id. At 699.   The Court recognized six (6) months as a "presumptively reasonable period of detention." Id. At 701.  With respect to detention after the six-month period, the Court explained:

> [F]or detention to remain reasonable, as the period
> of prior post-removal confinement grows, what
> counts, as the "reasonably foreseeable future"

---

[1] Under 8 U.S.C.§ 1231(a)(1)(B)(iii), the removal period in Petitioner's case began to run when he was taken into ICE custody.

> conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. (emphasis added). The Court provided the following instruction for the consideration of habeas claims brought by detained aliens complaining prolonged confinement pending removal:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonable necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold contained detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

Id. At 699-700 (citations omitted). " Thus, if a federal court determines in the habeas action that removal is not 'reasonable foreseeable,' the alien should be released from custody subject to conditions of supervised release that are 'appropriate in the circumstances.'" Seretse-Khama v. Ashcroft, 215 F. Supp.2d 37, 46 (D.D.C. 2002).

After six month of post-final order detention, *Zadvydas* places the burden on the alien to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future..." 533 U.S. at 701. In <u>NMA v. Ridge</u>, 286 F. Supp. 2d 469 (E.D. Pa. 2003), the court articulated four types of cases where courts have found "no significant likelihood of removal":

I. Where no country will accept the alien;

II. Where the alien's country of origin refuse to issue a travel document for the alien;

III. Where there is no removal agreement between the alien's country of origin and the United States; and

IV. Where there is no definitive answer from the target country after several months as to whether it would issue travel papers for the alien.

In this case, it is obvious that Petitioner has proven that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner had argued in his Petition for Writ of habeas corpus (paragraph 13) that he was incarcerated in the custody of the Jamaica Constabulary Force Immigration Department until his repatriation home with the help of the United States Embassy and Jamaica Government. (See Exhibit "C"). In additional, Deportation Officer Castor told Petitioner on or about April 26, 2007, that the Jamaican Consulate had informed him that no travel document will be issued on behalf of

the Petitioner, and that the Consulate are aware of the problems that the Petitioner had faced when he was wrongful deported to Jamaica on April 03, 2000. Also, that a copy of the report describing the incident will be given to ICE by the Consulate when it is received from the Jamaica Constabulary Force.

Contrary to Respondent's Answer and Memorandum of Law, ICE has not satisfied its burden of showing that Petitioner is significantly likely to be removed in the reasonably foreseeable future. Already, Petitioner has been detained for over eight months. This period of detention exceeds the six-month presumptively reasonable period of detention authorized by *Zadvydas*. Zadvydas v. Davis, 533 U.S. 678, 701(2001). Although ICE argued in its Answer and Return and Memorandum of Law that it has made a request for travel documents from the Jamaican Consulate, and because travel document was obtained from the Jamaica Consulate in the past, then it is likely to obtain another. Such assertion is without merit; especially, when the Jamaican Consulate denied ICE their request for a travel document for the Petitioner (See Respondent's Answer and Return Page 42-45). In addition, ICE has not provide any material evidence that the Jamaican Consulate had told them that they will be issuing any travel documents on behalf of the Petitioner. The fact is that no travel documents have been issued to date. Because the Consulate has not issued travel document, and there is no evidence when, if ever, travel documents will be issued, ICE has not satisfied its burden and Petitioner must be released. See Shefqet v. Ashcroft, No. 02 C 7737, 2003 WL 1964290, *5(N.D. Ill. Apr. 28, 2003)(ICE failed to carry

-14-

Date: May 15, 2007

Junior M.Ricketts
Pro Se
# A 27-024-434
Buffalo Federal Detention Center
4250 Federal Drive
Batavia, N.Y. 14020

**MARCIA M. WALDRON**
**CLERK**

# UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790
Website: http://www.ca3.uscourts.gov

TELEPHONE
215-597-2995

April 30, 2007

Mr. Junior M. Ricketts A#27-024-434
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

Re: Ricketts vs. Atty Gen USA
Docket No: 06-4612

Dear Mr. Ricketts:

This will acknowledge receipt on 04/27/07 of an original and 19 copies of Petition for Rehearing En Banc dated 04/22/07.

( )     As you were informed in our conversation of [date], your document(s) does not comply with the following Court requirement(s):

**(X)     Your document(s) does not comply with the following Court requirement(s):**

( )     An original and three copies of the document(s) must be filed.  Federal Rules of Appellate Procedure 27(d).

( )     An original and fifteen copies of a petition for rehearing in banc must be filed.

( )     The petition for rehearing in banc does not contain the statement as required by 3rd Cir. LAR 35.1.  (Only applicable to parties represented by counsel).

( )     A copy of the judgment, order, or decision of this Court as to which rehearing is sought and any memorandum or opinion of the Court stating the reasons therefor must be attached to each petition for rehearing.  3rd Cir. LAR 35.2.



__(X)__       The petition shall not exceed fifteen pages in length. Federal Rule of Appellate Procedure 40(b).

**Additional documents attached as exhibits are prohibited.**

( )       The petition has not been filed within the time set forth under the rules. As such a motion to file out of time is required. Federal Rules of Appellate Procedure 35(c) and 40(a)(1).

( )       Counsel who represent(s) the opposing party(ies) to this appeal must be served with copy(ies). <u>Federal Rule of Appellate Procedure</u> 25(b) and (c).

            A certificate of service must be submitted to this office. <u>Federal Rule of Appellate Procedure</u> 25(d).

( )       The certificate of service does not contain the following information:

        ( )    date of service

        ( )    manner of service

        ( )    names of parties served

        ( )    address of parties served

        <u>Federal Rule of Appellate Procedure</u> 25(d).

( )       An answer or response to the petition for rehearing cannot be filed unless requested by the Court. IOP Chapters 8.2, 9.5.2 and 9.5.6. FRAP 40(a)

( )       Electronic document not submitted in Adobe.pdf fomat.

( )       The document has not been signed by the counsel who has entered an appearance in this matter.

( )       The document does not have an original signature by the party submitting the document.

( )       The submitted Bill of Costs form does not contain:

        ( )    itemized statement of costs. 3rd Cir. LAR 39.4.

A

( )     original signature

( )     date


**(X)**         Other: **Motion for leave to file Exhibits with Petition for Rehearing is needed.**

      Pursuant to 3rd Cir. LAR Misc. 107.3, if the Court finds that a party continues not to be in compliance with the rules despite notice by the Clerk, the Court may, in its discretion, impose sanctions as it may deem appropriate, including but not limited to the dismissal of the appeal, imposition of costs or disciplinary sanctions upon a party or counsel.

( )     The above deficiencies must be corrected within ten (10) days from the date of this letter. The deficiencies may be corrected by either coming to the Clerk's office to make such corrections or by filing an amended/corrected document with motion for leave to file the amended/corrected document. If the deficiencies are not corrected within the time stated, the document will be submitted to the Court for action including the imposition of sanctions.

**(X)**    **The above deficiencies must be corrected within fourteen (14) days from the date of this letter. The deficiencies may be corrected by either coming to the Clerk's office to make such corrections or by filing an amended/corrected document with motion for leave to file the amended/corrected document. If the deficiencies are not corrected within the time stated, the document will be submitted to the Court for action including the imposition of sanctions.**


                       Very truly yours,
                       Marcia M. Waldron, Clerk

                       Carmen M. Hernandez
                       By: Case Manager
                           Direct Dial 267-299-49**52**


cc: JMR, EJD

IN THE

# United States Court of Appeals
# For the Third Circuit

**No. 06-4612**
I.N.S. FILE NO.: A27-024-434

JUNIOR M. RICKETTS
*Petitioner,*

Vs.

ALBERTO GONZALES
U.S. Attorney General,
*Respondent.*

## PETITION FOR REHEARING AND, IN THE ALTERNATIVE, SUGGESTION OF APPROPRIATENESS OF A REHEARING EN BANC

*Mr. Junior M. Ricketts*
*Pro Se*
*Buffalo Federal Detention Facility*
*4250 Federal Drive*
*Batavia, New York 14020*



# TABLE OF CONTENTS

**Page**

QUESTION PRESENTED FOR REHEARING ...................................... 3

STATEMENT OF FACT............................................................ 3

ARGUMENT

I.     Absent evidence that BICE provided adequate notice............... 6

CONCLUSION..................................................................... 9

ADDENDUM

    Exhibit "A" (Court's Order)...........................................A-1

    Exhibit "B" (State of New York Freedom of Information)..........A-2

    Exhibit "C" (Form I-271 Immigration Detainer).....................A-3

    Exhibit "D" (Form I-250 Warrant of Removal........................A-4

    Exhibit "E" (Petitioner's Parole paper)...............................A-5

# TABLE OF CITATIONS

### FEDERAL CASES

Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996). ............................... 7

Hamilton v. Attorney General of U.S. 2006 WL 1208621 ( C.A. 3, 2005.); ........... 7

Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003) ............................................ 7,9

Stone v. Immigration & Naturalization Serv.,514 U.S.386, 405(1995)................8

Villalobos-Arellano v. Ashcroft 11. 123 fed. Appx. 7990, 2005 WL 388225 (C.A. 9, 2005). ....................................................................................................... 6

### Constitution Provision and Statues

Const. Amend.5……………………………………………  …………………8

8 C.F.R. § 103.5a(c)(2)(i). .............................................................. 6,7,8

8 C.F.R. § 241.8(a)........................................................................ 7,8



## QUESTION PRESENTED FOR REHEARING

I.   Whether absent evidence that Department of Homeland Security/ Bureau of Immigration and Custom Enforcement (BICE) provided adequate notice under its own regulations of reinstatement of removal order against an alleged alien, who was in criminal custody at time, untimeliness of alien's petition for review bar exercise by Court of Appeals of jurisdiction over petition.

## STATEMENT OF FACTS

This Petition for Rehearing and/ or Rehearing En Banc is based on the order issued April 16, 2007, granting Respondent's Motion to Dismiss Petitioner's Petition for Review based on untimeliness. ( <u>See</u> Exhibit "A", Court's Order). This petition involves a question of exceptional importance, to wit, whether a Form I-871 Notice/Intent to reinstate prior removal order that was not served pursuant to the agency regulations was sufficient to bar exercise by Court of Appeals of jurisdiction over petition.

In additional, Petitioner claim that this Court erred in its decision as it overlooked law and fact when it failed to take into consideration Petitioner undisputed evidence that BICE neither served the Petitioner, nor the Superintendent of the New York State Correctional Facility, who had custody over him, on August 22, 2005, any Form I-871 indicating a reinstatement of



3

removal order. (See Exhibit "B", New York Foil information that confirmed what forms BICE served on the Superintendent). Also( See Exhibit "C" & "D", copies of these forms).

On or about April 22, 2005, while serving a New York State conviction at the Hudson Correctional Facility, an agent from the Department of Homeland Security interviewed Petitioner. Petitioner explained to the agent that he is an U.S. citizen, and the nature of his removal and repatriation. At the conclusion of the interview, the agent informed the Petitioner that he will investigate the information received, and if such information is not verified, he will return in a week to serve the appropriate papers. No Form I-871 (Notice/Intent to Reinstate Prior Removal Order) was discussed or served on the Petitioner and/ or the Correctional Superintendent pursuant to federal regulation on April 22, 2005. The agent or no other agent for the Homeland Security had returned to see the Petitioner.

On September 5, 2006, on the day Petitioner was paroled from the New York State Correctional Department, he was placed in the custody of the Immigration and Custom Enforcement (ICE) pursuant to a detainer (Form I-247) and warrant of removal (Form I-205) dated November 03, 1999. (See Exhibit "C"&"D"). Also (See Exhibit "E", Petitioner's parole paper that listed all BICE documents that were served on the Petitioner and Superintendent up to the date of Petitioner's release. No Form I-871 was listed).

4

On October 17, 2006, Deportation Office Koson at the Batavia Federal Facility told Petitioner that he is scheduled for removal. Because of Deportation Officer Koson oral removal statement, a timely notice of petition for review was filed on October 30, 2006, and this Court on the same date granted petitioner leave to proceed in Forma Pauperis. An application for a stay of deportation pending the petition for review was also submitted at that time.

On November 21, 2006, Respondent presented to this Court a Motion to Dismiss and Opposition to Motion for Stay of Removal stated that Petitioner's petition for review was untimely. Petitioner was made aware of the existence of the Form I-871 (Notice/Intent to reinstate prior removal order) dated April 22, 2005, for the first time on November 25, 2006, as Attachment "A" on the Respondent's motion. On or about November 28, 2006, Petitioner submitted a reply to this Court, in which he argued that not only was the Form I-871 invalid, falsified, but that it was never served on him or the Superintendent pursuant to the BICE regulations.

On April 16, 2007, this Court erroneously dismissed Petitioner's Petition for Review and mooted his Motion to Stay of Deportation. In addition, because of the Court application of the wrong standard and principles to the issue of obviousness, Petitioner petitioned this Court for a Rehearing and/ or a Rehearing En Banc.

## ARGUMENT

### Point I

I. **Absent evidence that Department of Homeland Security/ Bureau of Immigration and Custom Enforcement (BICE) provided adequate notice under its own regulations of reinstatement of removal order against an alleged alien, who was in criminal custody at time, untimeliness of alien's petition for review did not bar exercise by Court of Appeals of jurisdiction over petition.**

Whenever BICE failed to provide adequate notice under its own regulations of reinstatement of removal order against an alien in criminal custody at the time of reinstatement, untimeliness of alien's petition for review did not bar exercise by Court of Appeals of jurisdiction over petition. See Villalobos-Arrellano v. Ashcroft 11. 123 fed. Appx. 7990, 2005 WL 388225 (C.A. 9, 2005). In this instant case, BICE had not served Form I-871 (Notice/Intent to reinstate prior removal order) on the Petitioner and/or on the Superintendent of the Hudson Correctional Facility on August 22, 2005, in compliance with federal regulation. 8 C.F.R. § 103.5a(c)(2)(i).

8 C.F.R. § 103.5a(c)(2)(i) states:

> (c) When Personal Service required
> (1) General: In any proceeding which is initiated by INS/BICE, with proposed adverse effect, service of the initiating notice and of notice of any decision by INS/BICE officer shall be accomplished by personal service, except as provided in section 239 of the Act.
> (2) Person confined, minors, and incompetents
> (i) Person confined. If a person is confined in a penal or mental institution or hospital and is competent to



> understand the nature of the proceedings initiated against him, service shall be made both upon him and upon the person in charge of the institution or the hospital. If the confined person is not competent to understand, service shall be made only on the person in charge of the institution or hospital in which he is confined, such service being deemed service on the confined person.

There is no evidence in the record that BICE complied with its own regulations and provided adequate notice of the reinstatement of Petitioner's removal order. At the very least, as Petitioner was in criminal custody when BICE issued a notice of intent to reinstate his prior removal order, BICE should have served notice upon the person in charge of the penal institution where Petitioner was confined. 8 C.F.R. § 103.5a(c)(2)(i).

This court in a previous case had exercised jurisdiction over a petition arguably filed after the expiration of time limitation when the Board of Immigration Appeals failed to comply with the federal regulation in serving its decision. See Hamilton v. Attorney General of U.S. 2006 WL 1308621 ( C.A. 3, 2006.); Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003); Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996).

The Failure of BICE to provide adequate notice of the reinstatement of Petitioner's removal order also violates 8 C.F.R. § 241.8(b) and Petitioner's constitutional due process rights.

8 C.F.R. § 241.8(b) States:

> (b) Notice. If an officer determines that an alien is subject to removal under this section, he or she shall



provide the alien with written notice of his or her determination. The officer shall advise the alien that he or she may make a written or oral statement contesting the determination....

Because BICE has failed to comply with 8 C.F.R. §103.5a(c)(2)(i) or with 8 C.F.R. § 241.8(b), Petitioner was denied the right to contest the immigration officer's determination, and the right to be informed of an adverse action against him in violation of his rights to due process. Const. Amend. 5

This Court clearly erred in failing to apply the correct principles here urged in the *Villalobos-Arrellano*, *Hamilton*, and *Singh* Cases, as the Petitioner had argued and proven that BICE has failed to provide adequate notice under its own regulations of reinstatement of removal order. The principle of the *Stone* case that was applied to this instant case by the Court is inaccurate as both cases or not comparable. See Stone v. <u>Immigration & Naturalization Serv.</u>, 514 U.S. 386, 405(1995)(The Supreme Court made it clear, in *Stone v. INS*, 514 U.S. 386, 395, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), that the filing period for a petition for review of a BIA decision by the courts of appeals begins running with the <u>issuance of that decision.)</u>

Stone (in the *Stone* case) had received adequate notice of the Bureau of Immigration Appeals (BIA) decision; therefore, the court was compelled to dismiss the petition for lack of jurisdiction due to untimeliness. In this case on hand, BICE had never provided adequate notice of a reinstatement of



removal order to the Petitioner, who was in criminal custody at the time of the order, or at least to the Superintendent of the correctional facility; therefore, the Attorney General claim of untimeliness of Petitioner's petition did not bar exercise by this Court of Appeals of jurisdiction over his petition.

Finally, the time for filling a review petition begins to run when BICE complies with term of the federal regulations. See Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003)(petition filed after expiration of time allowed would nonetheless confer jurisdiction on court of appeals where BIA failed to comply with applicable regulations). As there is no evidence in the record that BICE ever provided adequate notice of the reinstatement of Petitioner's removal order under its own regulations, untimeliness does not bar this Court exercise of jurisdiction over Petitioner's petition.

## CONCLUSION

For the foregoing reasons, The Court should grant the petition for rehearing, vacate prior opinion, and stay removal order pending petition for review. In the alternative, because of the fundamental nature of the question presented, it is requested that the rehearing be before the entire Court, sitting in banc.

Date: April 22, 2007

Respectfully submitted,

Mr. Junior M. Ricketts
Pro Se
4250 Federal Drive
Batavia, New York 14020

Respectfully,

Clerk

MMW/CAD/cmh

## ORDER

The foregoing motion to dismiss is granted. The time period for filing a petition for review is an emphatic time prescription that is not subject to equitable tolling, and our duty to dismiss untimely claims is mandatory where the Attorney General objects on the basis of untimeliness. See Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995), as modified by Eberhart v. United States, 126 S. Ct. 403, 406-07 (U.S. 2005) (per curiam). The motion for stay of removal is denied as moot.

By the Court,


/s/ Theodore A. McKee
Circuit Judge


Dated: April 16, 2007
CMH/cc: JMR, EJD



2



### STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
### BARE HILL CORRECTIONAL FACILITY
### MEMORANDUM

**TO:** <u>Ricketts, Junior</u>  DIN #<u>04r4779</u>  DORM <u>H1-46</u>

**FROM:** S.LECLAIR, INMATE RECORDS COORDINATOR 2

**DATE:** 6/16/05

**RE:** FOIL REQUEST (FREEDOM OF INFORMATION)

This will acknowledge receipt of your recent request under Freedom of Information. It is being handled in the following manner:

_____ A review of our records indicate that the documents you requested come to a total of $_____ The photocopying cost is $.25 per page. Please forward a signed disbursement form in the amount of $_____ to FOIL Officer Sr. Counselor B. Steria. As soon as the funds are deducted from your account, the records will be forwarded to you.

_____ Your "FOIL" request has been denied. The reason for the denial is as follows:

> _____ No such records exist.
> _____ Your request is vague, you must be specific about the documents you are requesting.
> _____ No source area signature is on the disbursement.
> _____ The copy of the file you have requested is within your legal file at the facility where your are currently incarcerated. Please request the records from the IRC at your facility.
> _____ Dissemination/Review of your Presentence Report is prohibited pursuant to CPL 390.50.
> _____ We are not authorized to provide you with a copy of your DCJS Rap Sheet. You must request this directly from DCJS.
> _____ Your account has insufficient funds to cover the cost.

_____ We never received your Sentencing Minutes from the Court. You should request directly from the sentencing court.

_____ Attached herewith is the copy of your Legal Date Computation. If you rquire additional copies, you must provide a disbursement to cover the cost at $.25 per page.

_____ Attached herewith is a copy of your Commitment, along with your pink copy of your disbursement. If you require additional copies, you must provide a disbursement to cover the cost at $.25 per page.

__X__ Other: <u>copy of "Warrant of Removal/Deportation" and copy of "Immigration Detainer-Notice of Action, along with your pink copy of the disbursement.</u>

You may appeal this decision by writing the Office of Counsel, Department of Correctional Services, Building #2, 1220 Washington Avenue, Albany, NY 12226.

cc: guidance

U.S. Department of Justice

Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

| File No. | |
|---|---|
| | A 27 024 434 |
| Date: | |
| | 4/15/2005 |

| To: (Name and title of institution) | From: (INS office address) |
|---|---|
| Superintendent<br>Hudson Correctional Facility<br>P.O. Box 576<br>50 East Court Street<br>Hudson, NY 12534-0576 | U.S. Immigration and Customs Enforcement<br>1086 Troy-Schenectady Road<br>Latham, New York 12110 |

| Name of alien:<br>RICKETTS, Junior<br>Date of birth:<br>8/31/1964 | NYSID#<br>5594022Y | DIN#<br>04-R-4779 |
|---|---|---|
| | Nationality:<br>Jamaica | Sex:<br>Male |

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date).

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date).

☒ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (518) 220-2180 during business hours.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office.
☐ A self-addressed stamped envelope is enclosed for your convenience.
☐ Please return a signed copy via facsimile to (518) 220-2178.
Return fax to the attention of USINS at (518) 220-2180 (voice).

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____.

_____
(Signature of INS official)

Special Agent
(Title of INS official)

Receipt acknowledged:

Date of latest conviction: _____ Latest conviction charge: _____

Estimated release date: 2/20/2007

Signature and title of official: _____

Form I-247 (Rev. 4-1-97) N

# Warrant of Removal/Deportation

File No:   A27 024 434

Date:   November 03, 1999

) any officer of the United States Immigration and Naturalization Service:

ior                          RICKETTS
                          (Full name of alien)

io entered the United States at _____ New York, Yew York _____ on _____ December 27, 1982 _____
                          (Place of entry)                          (Date of entry)

subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings

☐ a district director or a district director's designated official

☐ the Board of Immigration Appeals

☐ a United States District or Magistrate Court Judge

d pursuant to the following provisions of the Immigration and Nationality Act:

:tion 237(a)(1)(A), 237(a)(1)(B,) 237(a)(2)(A)(iii), 237(a)(3)(D) of the Act.

the undersigned officer of the United States, by virtue of the power and authority vested in the
:orney General under the laws of the United States and by his or her direction, command you to
e into custody and remove from the United States the above-named alien, pursuant to law, at
expense of:

appropriation "Salaries & Expenses, Immigration and Naturalization Service, 2000", including the expenses of an attendant if
essary.

M. Frances Holmes

M. Frances Holmes
(Signature of INS official)

Acting District Director
(Title of INS official)

November 03, 1999 / Philadelphia, PA
(Date and office location)



Form I-205 (Rev. 4-1-97) N

Rickets, J
04-R-4779

## STATE OF NEW YORK
## EXECUTIVE DEPARTMENT - DIVISION OF PAROLE
## CERTIFICATE OF RELEASE TO PAROLE SUPERVISION

SENTENCE: **INDETERMINATE** | XX | **DEFINITE** |

NYSID NO. _____ 5594022Y

RICKETTS, JUNIOR 04-R-4779 , now confined in Bare Hill CF

1. Forgery 2
2. GL - Not Auto 4

and sentenced in the county of _____ NY _____ at a term of the _____ Supreme _____ Court, Judge _____ Carruthers _____ who was convicted of

on the _____ 12 _____ day of _____ Nov _____ , 20 04 , for the term of 1. 3-0-0/6-0-0 2. 2-0-0/4-0-0 presiding

expires on the _____ 20th _____ day of _____ February _____ , 20 10 , the maximum term of which sentence

has signed (his) (her) name below, and is hereby granted ☐ Conditional Release/ ☒ Parole by the Board of Parole, by virtue of the authority conferred by New York State Law.

It is therefore directed that (he) (she) be released and placed under legal jurisdiction of the Division of Parole until the _____ 20th _____

day of _____ February _____ , 20 10

Signed this _____ 6th day of _____ June _____ , 20 _____ 06 at _____ Bare Hill CF

Date of Release: September 5, 2006

RESIDENCE: Bellevue Mens Shelter, 400 E 30th Street
NY, NY

Board of Parole:

Order to Show Cause & Notice of Hearing, Warrant for Arrest
of Alien :& ICE Detainer Notice of Action File #A27-024-484

I, RICKETTS, JUNIOR , voluntarily accept Parole supervision. I fully understand that my person, residence and property are subject to search and inspection. I understand that Parole supervision is defined by these Conditions of Release and all other conditions that may be imposed upon me by the Board or its representatives. I understand that my violation of these conditions may result in the revocation of my release.

### CONDITIONS OF RELEASE

1. I will proceed directly to the area to which I have been released and, within twenty-four hours of my release, make my arrival report to that Office of the Division of Parole unless other instructions are designated on my release agreement. Brooklyn II AO, 333 Schermerhorn Street, Brooklyn, NY 11217m, Tel. (718)254-2044 SPO McCoy, PO Coll

2. I will make office and/or written reports as directed.

3. I will not leave the State of New York or any other State to which I am released or transferred, without permission.

4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible.

5. I will reply promptly, fully and truthfully to any inquiry or communication by my Parole Officer or other representative of the Division of Parole.

6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.

7. I will not be in the company of or fraternize with any person I know to have a criminal record or whom I know to have been adjudicated a Youthful Offender except for accidental encounters in public places, work, school or in any other instance with the permission of my Parole Officer.

8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.

9. I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife, dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase.

10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to the State of New York from any state in the Division and from any territory or country outside the United States. This waiver shall be in full force and effect until I am discharged from Parole or Conditional Release. I fully understand that I have the right under the Constitution of the United States and under law to contest an effort to extradite me from another state and return me to New York, and I freely and knowingly waive this right as a condition of my Parole or Conditional Release.

11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization.

12. Special Conditions:

SEE ATTACHED CONTINUATION SHEET

PAGE 1 OF 3

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2007, I caused to be served on Respondent a copy of the Petition for Rehearing /Petition for Rehearing en Banc via regular mail, address to:


**Edward J. Duffy**
**Attorney**
**United States Department of Justice**
**Civil Division**
**Office of Immigration Litigation**
**P.O. Box 878**
**Ben Franklin Station**
**Washington, DC 20044**


I, Junior M. Ricketts, also certify that this document was given to prison officials on April 22, 2007, for forwarding to the court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Sec. 1746



*Mr. Junior M. Ricketts*
*Pro Se*
*Buffalo Federal Detention Facility*
*4250 Federal Drive*
*Batavia, New York 14020*

Junior M. Ricketts #A27024434
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

September 13, 2006

Mrs. Lisa Bryan-Smart
Consulate General of Jamaica
767 3rd Avenue
New York, NY 10017

Dear Mrs. Bryan-Smart:

I am sending you this letter because of two important reasons: First, not to issue any temporary travel documents to:

**Junior Ricketts**
**# A27024434**
**D.O.B. 10/12/1955**
**C.O.B. Jamaica**

Should immigration present reinstatement order of deportation requesting such travel documents. If the Consulate General of Jamaica issues this documents to the ICE, then you are knowingly issuing Jamaican travel documents for a person who is not a citizen of Jamaica.

Second, I am requesting a To Whom It May Concern letter (mail to me) indicating that the person who is now under reinstatement proceedings, and who was deported on **April 3, 2000** from the United States to Jamaica, West Indies under the name of

Junior Nathaniel Ricketts
A 27024434
D.O.B 10/12/1955
C.O.B. Jamaica

Is not a **Jamaican National or Citizen**

## BACKGROUN INFORMATION

On April 3rd, 2000, I was wrongfully deported to Jamaica under the name and identity provided above. On arriving in Jamaica, I was placed under custody of the Jamaica Constabulary Force, Immigration department. During my incarceration under the Jamaica Immigration Department, an extensive investigation was launched by J.C.F in conjunction with your Consulate both in New York and Washington, D.C. After photographs and signature samples were thoroughly examined, it was finally verified that the true native of Jamaica, Junior Nathaniel Ricketts, born on 10/12/1955 and I were two separate and different persons (If this is the first time you are made

aware of this case, please contact the Jamaica Constabulary Force, Immigration Department for confirmation of this information). Also, please be advised that I was warned that a similar event could lead to me being brought up on charges for impersonating a Jamaican Citizens.

Because of the long wait on the United States Embassy to act, I was released in custody of a Jamaican Citizen, Mr. W. Martin as ordered by the Half-Way-Tree Court of Jamaica and the Ministry of Security, but I was required to report to the Immigration on a weekly bases. It was not until the end of 2002 when I was finally repatriated home to the USA.

As I am now in a reinstatement proceeding that is based on the prior deportation order, and ICE is using the same old Jamaican information that the Jamaican Government had proven not to be mine, I am looking forward for your expedite investigation of this matter and your official statement in a To Whom It May Concern letter form indicating that I am not a Jamaican Citizen. According to our law here in the United States, only the Jamaican Government which is represented here by your consulate can legally indicate who is or who is not a Jamaican Citizen. Therefore, it is of utmost importance that I received your official statement in this matter.

May I take this time I'm thanking you for your understanding and assistant while I await your reply.

Sincerely Yours

Junior Mohammed Ricketts.

N.B. Please stamp Legal Mail on the left-hand side of your reply envelope.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

.................................... sworn before me on the
26ᵗʰ day of September 2006





In the Matter of:

Ricketts, Junior N.
AKA Miles, Paul M.
**RESPONDENT**

Case No.: A 27- 024-434

Docket: York, Pa

IN ~~DEPORTATION~~ PROCEEDINGS
Removal

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _____
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

[X] The respondent was ordered deported to Jamaica _____

[ ] Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to _____.

[ ] Respondent's application for voluntary departure was granted until _____, with an alternate order of deportation to _____ or _____.

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Proceedings were terminated.

[ ] The application for adjustment of status under Section (216) (216A) (245) (249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under Section 246.

[X] Other Claim to US citizenship not proven.

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_____
Immigration Judge

Date: 11-3-99

Appeal: ~~RESERVED~~/WAIVED (A) I / B ) December 3, 1999

Form EOIR - 37
REV. - JUNE 93

# UNITED STATES COURTS OF APPEALS
## FOR THE THIRD CIRCUIT

Mr. Junior M. RICKETTS
     Petitioner,

          v.

Alberto GONZALES
Attorney General,

        Respondent

    : Civil Case No.
    :
    : Immigration File No: A 27024434
    :
    :
    : PETITION FOR REVIEW
    :

---

I, Junior M. Ricketts the petitioner in the above-captioned case and hereby petitions for review by this court the reinstatement of prior deportation order made by the Bureau of Immigration and Customs Enforcement (BICE). Even though BICE has failed to give me a copy of Form I-871 indicating reinstatement of prior deportation order, base on the fact that I was already deported on <u>April 03, 2000</u>, and was told by Deportation Officer Koson an employee of BICE on **October 17, 2006** that I am schedule for removal gives ground to file this petition.

A copy of my Affidavit is attached.

To date, no court has upheld the validity of the order.

Date: October 18, 2006



              Mr. Junior M. Ricketts
                    PRO SE
               A# 27-024-434
       Buffalo Federal Detention Facility
           4250 Federal Drive
          Batavia, N.Y. 14020

1

IN THE MATTER OF                 :   IN A JUDICAL REVIEW
                                         :   OF REINSTATEMENT OF
JUNIOR RICKETTS               :   PRIOR REMOVAL ORDER
A 27-024-434

PETITIONER                            :

---

STATE OF NEW YORK

COUNTY OF GENNESSE

## AFFIDAVIT

I, Junior M. Ricketts, under the penalty of perjury, depose and state:

1. I am a United States Citizen born in Brooklyn, New York on 08/31/1964.

2. On November 3, 1999, I was ordered deported to Jamaica by an Immigration Judge who stated that my claim to US Citizenship was not proven (see attached A).

3. I applied the Immigration Judge decision to the Board of Immigration Appeals (BIA), but the BIA on March 8, 2000, concur with the Immigration Judge's conclusion (see attached B).

4. On or about March 13, 2000, I timely filed a petition in the U.S. Court of Appeals for the Third Circuit for a judicial review of the BIA decision on my claim to U.S. Citizenship along with a stay of deportation petition.

5. On or about 03, 2000, I was physically deported to Jamaica before the court could make a decision on my petition.

6. On or about April 09, 2002, I was finally release from the Jamaica Constabulary Force, Immigration Department custody and was repatriated home with the help of the United States Embassy and the Jamaican Government.

7. On or about April 25, 2005, while serving a New York State conviction at the Hudson Correctional Facility, I was interview by an Agent from the Department of Homeland Security. At the conclusion of the interview he told me that he will investigate the



information of my 04/03/2000 deportation and repatriation, and if he could not verified the information he will see me in one week to filed the appropriate charges. The Agent never returns.

8. On September 5, 2006, on day of my release from the New York State Correction Department, I was placed in the custody of Immigration and Customs Enforcement (ICE) as a result of a detainer lodge on or about April 14, 2005, prior to my interview with the Homeland Security Agent, and on a deportation warrant that was already executed on April 03, 2000 (see attachment C & C1)

9. From September 7, 2006 to October 16, 2006, I wrote numerous letters to the Deportation Officers Koson and Castro requesting a copy of Form I-871 that indicated that a reinstatement of prior order of deportation was lodged against me base on the fact that such order was never give to me as required according 8 C.F.R §241.8. When I finally received an answer on 10/16/06 signed by Deportation Officer A. Castro, he advised me to file FOIA request (see attachment D, D1, D2).

10. On October 17, 2006, I finally get to speak to Deportation Officer Koson (while she was doing her turn of the units) regarding a copy of from I-871 (reinstatement of prior deportation order). She told me to speak to Deportation Officer Castro because he had already schedule me for removal. The fact that Deportation Officer Koson is an employee of BICE and her statement that I was already schedule for removal is ground enough to file for a judicial review of a reinstatement of prior removal order.

11. The above statement is true and correct to the best of my knowledge and belief.

Junior M. Ricketts

Sworn to before me this
18th day of October, 2006

-----------------------------------------
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2007, I caused to be served on Respondent a copy of the Petitioner's Response via regular mail, address to:

**Mary E. Fleming**
**Assistant U.S. Attorney**
**United States Attorney's Office**
**Western District of New York**
**138 Delaware Avenue**
**Buffalo, New York 14202**


*Junior M.Ricketts*
*A 27-024-434*
*Pro Se*
*Buffalo Federal Detention Facility*
*4250 Federal Drive*
*Batavia, New York 14020*