Junior M. RICKETTS
A# 27-024-434,

    Petitioner,

    V.

Charles MULE, Facilities Director;
David VENTURELLA, Director, Post-order
Detention Unit, Bureau of Immigration
and Customs Enforcement;
Peter J. SMITH, District Director,
U.S. citizenship and Immigration
Services;
Attorney General of the United States

    Respondents

07-CV-0138 Sr

FILED
2007 DEC 21 PM 3:41
U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

## MEMORANDUM OF LAW

### I. PRELIMARY STATEMENT

In the petition for a writ of habeas corpus filed under 28 U.S.C § 2241, petitioner, Junior M. Ricketts, challenges his indefinite detention in the Department of Homeland Security, Immigration and Custom Enforcement(ICE) as unlawful and unconstitutional under Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner also asserts that his due process rights was violated when Respondents failed to comply with its own regulation promulgated at 8 C.F.R §

241.4,( conducting a custody review at the end of the removal period as mandated by the regulation) because he litigates his claims of United States citizenship in the Third Circuit Court of Appeals under docket no: 06-4612. The fact that Petitioner has meet his burden of proof of demonstrating that there is good reason to believe there is no significant likelihood of his removal to Jamaican in the reasonably foreseeable future, and that Respondents have failed to meet their burden under *zadvydas*, Petitioner moves this Court for a summary judgment ordering his immediate release to ICE supervision.

## II. FACTS

The facts and procedural history are fully set forth in the Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and in Petitioner's reponses to Respondents' Answer and Memorandum of Law.

## III. DISCUSSION

**A. Petitioner's Indefinite Detention is Unlawful and Unconstitutional Under Zadvydas v. Davis, 533 U.S. 678 (2001)**

A final administrative order for Petitioner's removal was entered on April 22, 2005. He is presently in ICE

custody and has been available for removal since New York authorities released him to the custody of ICE on September 5, 2006. It has been well over seven months that Respondents claimed that Petitioner's detention is constitutional under INS § 241(a), 8 U.S.C. § 1231(a) because he seeks review of the removal order with the United States Court of Appeals for the Third Circuit, and as a result of such review, no travel documents were requested for Petitioner's removal. See (Document 6 ¶ B). Both claims by Respondents lack merits.

First, INA § 241(a), 8 U.S.C § 1231(a) permits continued detention for an alien who seeks review of a removal order after the 90 days removal period has expired if the Court of Appeals order a stay of removal; petitioner was never given a stay of removal by the Court of Appeals.

Second, Respondents' own exhibits proved that their first attempt to secure travel document from the General Consulate of Jamaica for Petitioner removal was on 08/05/06. See (Faber's Declaration pages 31 to 32, and pages 42 to 44).

The fact is that Petitioner has been detained in ICE custody for over fifteen (15) months, more than twice the period authorized by *Zadvydas*, and Respondents have not

demonstrated that any travel documents are in hand, nor have they provided any evidence or even assurance from the Jamaican Government that travel documents will be issued in a matter of days or weeks or even months. See Okwilage v. Ins, No. 3-01-CV-1416-BD, 2002 WL 256758, *2-3 (N.D. Tex, mar. 1, 2002); See Also Seretse-Khama v. Ashcroft, 215 F. Supp. 2d 37, 53 (D.D.C. 2002).

**1. Summary of the law Governing Repatriation Likelihood and Custody Reviews.**

The detention and release of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231 (a), the Attorney General has 90 days to remove an alien form the United States after his order of removal becomes final. In this case, the removal period began on September 05, 2006. Detention during the 90-day removal period is mandatory. 8 U.S.C. § 1231 (a)(2). Once the 90-day period has expired, an alien can be released, subject to specified conditions. 8 U.S.C. § 1231 (a)(3). However, pursuant to 8 U.S.C. § 1231(a)(6), criminal aliens, inadmissible aliens, or other aliens considered a flight risk or danger to the community may be detained beyond the removal period. 8 U.S.C. § 1231 (a)(6).

The issue of whether § 1231 (a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period was resolved by the Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). Recognizing that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that § 1231 (a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." <u>Id.</u> at 689. The Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." <u>Id.</u> at 699. The Court recognized six (6) month as a "presumptively reasonably period of detention." <u>Id.</u> at 701. With respect to detention after the six-month period, the court Explained:

> [F]or detention to remain reasonable, as the period of prior post-removal confinement grows what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, *an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.* <u>Id.</u> (emphasis added).

The Court provided the following instructions for the consideration of habeas claims brought by detained aliens

complaining of prolonged confinement pending removal:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basics purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonable foreseeable, the court should hold continued detention unreasonably and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

Id. at 699-700 (citations omitted). "Thus, if a federal court determines in the habeas action that removal is not 'reasonably foreseeable,' the alien should be released from custody subject to conditions of supervised release that are 'appropriate in the circumstances.'" Seretse-Khama v. Ashcroft, 215 F.Supp. 2d 37, 46 (D.D.C. 2002).

After six month of post-final order detention, Zadvydas places the burden on the alien to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future..." 533 U.S. at 701. Upon such a showing, ICE "must rebut it to keep him in custody." Abdel-Muhti v. Ashcroft, 314 F.Supp. 2d 418, 424

(M.D. Pa. 2004).

Following Zadvydas, the Attorney General promulgated regulations established a process for determining the custody of aliens subject to prolonged detention awaiting execution of a removal order. See, 8 C.F.R. § 241.13. Section 241.13 applies to alien or alleged alien, such as Petitioner, "who are subject to a final order of removal and are detained under the custody review procedure provided at [8 C.F.R.] § 241.4 after the expiration of the removal period..." 8 C.F.R. § 241.13(a). Section 241.13 "tracks Zadvydas's mandate in that it requires a deportable alien to first establish a basis that removal in the 'reasonably foreseeable future' is not possible." Jabir v. Ashcroft, No. Civ.A. 03-22480, 2004 WL 60318, at *5 (E.D.La. Jan. 8, 2004). A detained alien may trigger HQPDU review of whether there is a significant likelihood of removal in the reasonably foreseeable future by way of written request. 8 C.F.R. § 241.13(d). Faced with such request, the HQPDU generally must respond within ten (10) business days, acknowledging receipt of the request for review and explaining the process that will be followed to consider the alien's request. 8 C.F.R. § 241.13 (e)(1). The HQPDU must then assess the alien's cooperation with removal efforts and

consider a host of other factors, including the history of ICE's "efforts to remove aliens to the country in question or to third countries,...the ongoing nature of...efforts to remove this alien..., the reasonable foreseeable results of those efforts, the views of the Department of State regarding the prospects of a removal of aliens to the country or counties in question, and the receiving country's willingness to accept the alien into its territory." 8 C.F.R. § 241.13 (f). The regulations caution that, while "there is no presumptive period time within which the alien's removal must be accomplished,...the prospects of the timeliness of removal must be reasonable under the circumstance." 8 C.F.R. § 241.13 (f). The HQPDU is to issue a written decision based upon the administrative record. 8 C.F.R. § 241.13 (g). If HQPDU determines that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future, the alien is to be released, subject to appropriate conditions, unless "special circumstance" (not relevant here) exist. 8 C.F.R. § 241.13 (g)(1).

### 2. Application of law to the instant case

Respondents concede "that Petitioner has been in post-

order detention for a period exceeding six month and thus such detention is no longer presumptively reasonable." (Resp. to Habeas Corpus Petition Document 6 ¶ B) Petitioner made a request for HQPDU determination of the prospects of his removal by letter dated June 12, 2006, after the six month post-removal order period had passed. HQPDU did not, however, respond to the request. Indeed, even after being served with the habeas corpus petition in this case, ICE took no formal action to assess the likelihood of Petitioner's removal in the reasonably foreseeable future.

Despite the absence of a written determination by HQPDU required by 8 C.F.R. § 241.13, respondents argue that Petitioner has failed to show that there is no significant likelihood of his removal within the reasonably foreseeable future. Respondent's argument is without merit. Petitioner has now been in custody awaiting removal for more that fifteen (15) months, or more than twice the "presumptively reasonable" period. As one Court has observed, " [W]hile the shifting scales of reasonableness weigh heavily in favor of the authority of the Executive to detain a removable alien during the initial six months of detention, those scales increasingly shift in favor of a detainee as the period of detention extends beyond six months and the likelihood of

removal remains remote." Jabir, 2004 WL 60318, at *8. "Under the sliding scale adopted in Zadvydas, the lengthy period of Petitioner's post-removal confinement has certainly caused the 'reasonably foreseeable future' to shrink to the point that removal must be truly imminent..." Seretse-Khama, 215 F.Supp. 2d at 48. In NMA v. Ridge, 286 F.Supp. 2d. 469 (E.D. pa. 2003), the court articulated four types of cases where other courts have found "no significant likelihood or removal":

1. Where no county will accept the alien;
2. Where the alien's country of origin refuse to issue a travel document for the alien;
3. Where there is no removal agreement between the alien's country of origin and the United States, and
4. Where there is no definitive answer from the target country after several months as to whether it would issue travel papers for the alien.

The record not only suggests only meager efforts on the part of ICE to effect removal of Petitioner, with no evidence of any attempts to secure travel documents being made after August 5, 2006, but it also proves that there is no definitive answer after several months from the Jamaican Government as to whether it would issue travel documents for

the petitioner. Under these circumstances, Petitioner had carried his initial burden of showing that there is no significant likelihood of his removal in the reasonably foreseeable future. See Shefqet v. Ashcorft, No. 02 C 7737, 2003 WL 1964290, at *4 (N.D. Ill. Apr. 28, 2003) (Petitioner in post-final order detention for more than 17 months carried burden of showing that there was no significant likelihood or removal in the reasonably foreseeable future).

Respondents nonetheless maintains that evidence submitted in response to Petitioner's petition shows a significant likelihood of timely removal. This assertion is belied by the fact that more than seven months have passed since this assertion was made, Petitioner's remains detained in the Buffalo Federal Detention Facility. Furthermore, Respondents have not secure any travel documents from the Jamaican Consulate. The fact is that no travel document have been issued to date and there is no evidence when, if ever, travel document will be issued, therefore, Respondents have not satisfied its burden and Petitioner must be released. See Shaefqet v. Ashcroft, No 02 C 7737, 2003 WL 1964290, *5 (N.D.Ill. Apr. 28, 2003)(ICE failed to carry burden of proof where no travel document have deem issued, and Yugoslavia alien had been detained for 17 months, and ICE had been able

to remove other aliens to Yugoslavia during the period); Okwilagwe v. INS, No. 3-01-Cv-1416, 2002 WL 356758, *2-3 (N.D. Tex. Mar. 1, 2002)(INS failed to sustain its burden of showing aliens removal to Nigeria would occur in reasonably foreseeable future where alien detained for 11 months, and travel documents not issued and no certainty as to when they might be issued). See also Seretse-Khama v. Ashcroft, 215 F.supp. 2d 37, 53 (D.D.C. 2002)(finding that Respondents failed to meet their burden of Proof under Zadvydas where they " have not demonstrated to this Court that any travel documents are in hand, nor have they provided any evidence, or even assurance from the Ligerian Government that travel document will be issued in a matter of days or week or even months"). Since Petitioner has meet his burden of proof of demonstrating that there is good reason to believe there is no significant likelihood of his removal to Jamaica in the reasonably foreseeable future, as described by the Supreme Court in Zadvydas, Petitioner's continued detention is unlawful and unconstitutional.

## IV. CONCLUSION

Therefore it is respectfully requested that this Court

grant summary judgment in favor of Petitioner , and order his release under appropriate ICE supervision.

Dated: December 14, 2007.
Batavia, New York

Respectfully submitted,

*Junior M. Ricketts* (signature)

Junior M. Ricketts
Pro se
#A27-024-434
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020