IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Junior M. Ricketts,
A27-024-434,

                    Petitioner,

v.

Charles Mule, Facilities Director,
Buffalo Federal Detention Facility;    07-CV-0138-Sr
David Venturella, Director,
Post-Order Detention Unit,
Bureau of Immigration and Customs
Enforcement; Peter J. Smith,
District Director, U.S. Citizenship
and Immigration Services; Alberto
Gonzales, Attorney General of the
United States,

                    Respondents

---

**AFFIDAVIT**

STATE OF NEW YORK  )
COUNTY OF ERIE      ) ss:
CITY OF BUFFALO    )

    **DONALD J. VACCARO, Jr.**, being duly sworn, deposes and states:

    1.   I am employed by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") and have been employed as a Deportation Officer at the Buffalo, New York Field Office since April 1994. Previously, I was employed by the former Immigration and Naturalization Service as an Immigration Inspector at Champlain, New York from March 1980 to February 1983 and at Pre-Flight Inspection in Toronto, Ontario, Canada from

February 1983 to September 1987, and as a Deportation Officer from September 1987 to April 1994 in Boston, Massachusetts.

2. At the request of Assistant United States Attorney Gail Y. Mitchell, I have reviewed files maintained by my agency pertaining to petitioner Junior Ricketts ("Ricketts"), A27-024-434, an alien under final order of removal from the United States, who is currently being held in immigration detention at the Buffalo Federal Detention Facility in Batavia, New York. I am therefore fully familiar with the facts and circumstances of Ricketts's immigration proceedings, his detention by DHS, ICE (collectively hereinafter "DHS"), and the efforts to arrange for his removal from the United States, as set forth in DHS records.

3. This affidavit is submitted to provide supplemental information and records regarding the custody status of petitioner Ricketts, and in support of the respondents' response to Ricketts's motion for summary judgment on his claim for release from continued detention in the custody of DHS.

4. Copies of pertinent records from the DHS files pertaining to Ricketts are attached hereto as Exhibit A. The pages of these records have been numbered for convenience of reference.

5. Ricketts is a native and citizen of Jamaica who was ordered removed from the United States by an immigration judge ("IJ") on November 3, 1999, pursuant to Immigration and Nationality Act ("INA") §§ 237(a)(1)(A),(1)(B), (2)(A)(iii), and (3)(D) (8 U.S.C. §§ 1227(a)(1)(A),(1)(B), (2)(A)(iii), and (3)(D)), for being inadmissible at the time of entry, for being present in the United States in violation of law, for having been convicted of an aggravated felony, and for making a false claim to United States citizenship. See Respondents' Answer and Return ¶ 3, Docket No. 5.

6. On March 8, 2000, the Board of Immigration Appeals dismissed Ricketts's appeal of the order of removal, specifically finding that the IJ correctly determined that Ricketts was not a United States citizen, but rather a native and citizen of Jamaica. See Respondents' Answer and Return ¶ 4, Docket No. 5.

7. On or about April 3, 2000, Ricketts was removed from the United States pursuant to the Order of Removal. See Respondents' Answer and Return ¶ 5, Docket No. 5.

8. Subsequently, at an unknown time and place, Ricketts re-entered the United States. See Respondents' Answer and Return ¶ 6, Docket No. 5.

9. On or about April 22, 2005, Ricketts was issued a Notice of Intent/Decision to Reinstate the order of removal of April 3, 2000. See Respondents' Answer and Return ¶ 7, Docket No. 5.

10. Ricketts was received into immigration detention on or about September 5, 2006, upon his release from state custody where he had been serving a sentence pursuant to a conviction for forgery and grand larceny. See Respondents' Answer and Return ¶ 8, Docket No. 5.

11. On September 5, 2006, DHS sent a presentation packet to the Consulate General of Jamaica in New York, New York, requesting that a travel document be issued for Ricketts's removal. See Exhibit A, p. 6.

12. On or about October 30, 2006, Ricketts filed a petition for review with the United States Court of Appeals for the Third Circuit. (See Respondents' Answer and Return ¶ 10, Docket No. 5.)

13. On November 6, 2006, DHS was advised by the Jamaican Consulate that a travel document would not be issued for Ricketts until the disposition of his petition in the Third Circuit. See Exhibit A, p. 6.

14. On April 16, 2007, the Court of Appeals dismissed the petition. (See Respondents' Answer and Return ¶ 10, Docket No. 5.)

15. In April 2007, a representative from the Jamaican Consulate informed DHS that a travel document would be issued for Ricketts. Thereafter, DHS scheduled to remove Ricketts on April 23, 2007. See Exhibit A, p. 42.

16. On April 27, 2007, a representative from the Jamaican Consulate informed DHS that the Consulate required additional time to investigate Ricketts's nationality before issuing a travel document. See Exhibit A, p. 43.

17. In accordance with immigration regulations, DHS reviewed Ricketts's custody status in June 2007; after the review, DHS issued a Notice to Continue Detention, dated June 6, 2007, advising of its determination that Ricketts remain in custody. DHS determined that based upon his criminal record, uncooperativeness in assisting with obtaining a travel document, and the fact that he re-entered the United States with a fraudulently obtained passport, Ricketts would be a flight risk and threat to the community if released from custody. See Exhibit A, pp. 2-8.

18.  Because DHS has not yet received a travel document for Ricketts, in or about June 2007, his case was referred to DHS Headquarters Post Order Detention Unit ("HQPDU") for subsequent custody reviews.  See Exhibit A, pp. 9-10.

19.  On January 3, 2008, DHS served Ricketts with a formal Warning for Failure to Depart, along with an instruction sheet listing actions that Ricketts is required to complete within 30 days to assist in obtaining a travel document for Ricketts's removal from the United States.  The Warning form advised Ricketts, among other things, of penalties under INA § 243, 8 U.S.C. § 1253, for conniving or conspiring to prevent or hamper his departure from the United States, and also advised him that pursuant to INA § 241(a)(1)(C), 8 U.S.C. § 1231 (a)(1)(C), a failure to comply or provide sufficient evidence of his inability to comply, may result in the extension of the removal period and subject Ricketts to further detention.  See Exhibit A, pp. 11-13.

20.  On January 8, 2008, Ricketts filed a petition for rehearing with the United States Court of Appeals for the Third Circuit.  See Exhibit A, p. 48.

21.  On January 9, 2008, DHS re-sent the presentation packet to the Consulate General of Jamaica in New York, New York.  See Exhibit A, pp. 14-38.

22. Jamaica regularly issues documents for the repatriation of its nationals. According to DHS statistical reports reviewed for this affidavit, DHS successfully removed 1,899 aliens to Jamaica in Fiscal Year 2004, 1,653 aliens to Jamaica in Fiscal Year 2005, and 1,364 aliens to Jamaica in Fiscal Year 2006. Generally, it takes a lengthy period of time for Jamaica to complete its investigation process before a travel document is issued. In addition, Jamaica has recently revised its travel document investigation process to include requirements for additional information.

23. Further, Jamaica issued a travel document for Ricketts for his deportation to Jamaica in April 2000. However, Ricketts's actions have led the Jamaican authorities to conduct an additional investigation before issuing a travel document in response to the pending DHS request. See Exhibit A, pp. 6, 43.

24. Nevertheless, Jamaica has provided no indication to suggest that a travel document will not be issued in response to the pending DHS request in this case.

25. Consequently, DHS continues to have an expectation that Ricketts will be removed from the United States within the reasonably foreseeable future. Based upon my review of the facts of this matter and my experience, it is my expectation that under the circumstances presented here, a travel document will be issued,

after which time DHS will be able to make the necessary travel arrangements for Ricketts to be released from custody by his removal to Jamaica.

26. Therefore, it is respectfully submitted that there is neither a factual nor a legal basis to support a conclusion that Ricketts is entitled to release at this time.

                                   S/DONALD J. VACCARO, Jr.


Sworn to before me this
24th day of January, 2008.


S/Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 6/30/2010