IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Junior M. Ricketts,
A27-024-434,

                      Petitioner,

v.

Charles Mule, Facilities Director,
Buffalo Federal Detention Facility;    07-CV-0138-Sr
David Venturella, Director,
Post-Order Detention Unit,
Bureau of Immigration and Customs
Enforcement; Peter J. Smith,
District Director, U.S. Citizenship
and Immigration Services; Alberto
Gonzales, Attorney General of the
United States,

                      Respondents

---

**SUPPLEMENTAL AFFIDAVIT**

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:
CITY OF BUFFALO     )

     **GEORGE F. SCOTT**, being duly sworn, deposes and states:

     1.   I am employed by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), as a Deportation Officer at the Buffalo, New York, Field Office. Among the duties currently assigned to me, I

serve as a litigation liaison for DHS, ICE (collectively hereinafter "DHS"), with the Office of the United States Attorney for the Western District of New York.

2. On May 7, 2007, Deportation Officer Robert Faber executed a declaration in opposition to the petition herein filed by Junior M. Ricketts ("Ricketts"), A27-024-434, an alien under a final order of removal, and in support of Respondents' Answer and Return. (Docket No. 5, Exhibit 1). On January 24, 2008, Deportation Officer Donald J. Vaccaro, Jr. executed an affidavit in opposition to a motion for summary judgment filed by petitioner Ricketts's. (Docket No. 13, Exhibit 1).

3. At the request of Assistant United States Attorney Gail Y. Mitchell, I execute this affidavit to serve as a response to the Court's order of September 30, 2008, which requires respondents to supplement their prior response, filed January 25, 2008, to the motion for summary judgment filed by Ricketts. See Docket Nos. 13-14 and 19. The information provided herein is based upon court records, DHS records and upon my correspondence and conversations with deportation and removal staff of the Buffalo Federal Detention Facility in

Batavia, New York, where Ricketts continues to be detained pending his removal from the United States. This information serves to update the record regarding administrative proceedings and litigation filed by Ricketts and to report on recent activity by DHS pertaining to its efforts to remove Ricketts from the United States to his native country of Jamaica.

4. Copies of pertinent records from court dockets and from DHS files pertaining to Ricketts are attached hereto as Exhibit B. The pages of these records have been numbered for convenience of reference.

5. On February 13, 2008, the United States Court of Appeals for the Third Circuit denied Ricketts's petition for rehearing. See Ricketts v. Atty. Gen. USA, Third Circuit Docket No. 06-4612. Exhibit B, pp. 29-30.

6. On February 21, 2008, Ricketts filed with the Board of Immigration Appeals ("BIA") a motion to reopen immigration removal proceedings upon Ricketts's claim that he is a United States citizen. Exhibit B, p. 32. On April 17, 2008, the BIA denied the motion. Id., pp. 14-17.

7. On April 25, 2008, Ricketts filed with the United States Court of Appeals for the Third Circuit a petition for review of the BIA's denial of his motion to reopen. See Ricketts v. Atty Gen USA, Third Circuit Docket No. 08-2201. Exhibit B, pp. 9-23.

8. On July 21, 2008, the Third Circuit Court dismissed the petition for review. Exhibit B, p. 11. On August 4, 2008, Ricketts filed a petition for rehearing which the Third Circuit Court denied on August 18, 2008. Exhibit B, pp. 24-25.

9. On September 3, 2008, Ricketts filed a petition for writ of certiorari in the Supreme Court of the United States. See Ricketts v. Mukasey, U.S. Supreme Court Docket No. 08-6123. Exhibit B, p. 8.

10. Ricketts has acted to hinder the DHS efforts to secure a travel document for his removal by providing false identification documents to the Jamaican Consulate. As a result of Ricketts's failure to provide information to assist with the verification of his identity, the Jamaican Consulate has stated

that Jamaica will not issue a travel document until Ricketts' identity is confirmed.

11. A decision by the BIA dated March 8, 2000, describes evidence the BIA reviewed which shows that while he was working for the New York City Department of Human Services, Ricketts had access to obtain records for an assumed identity of a United States citizen, while also having in his possession documents showing that he is a Jamaican citizen. Exhibit B, pp. 19-21.

12. Due to Ricketts's continuing failure to cooperate with efforts to effect his removal from the United States as set forth in respondents' prior submissions to this Court, on July 1, 2008, DHS served Ricketts with an additional Warning for Failure to Depart (Form I-229(a)) along with another instruction sheet to detainee. Exhibit B, pp. 5-6. See also Respondents' Memorandum in Opposition, Docket No. 13. As on previous occasions, the instruction sheet that was served on Ricketts listed the items and actions he was required to complete within 30 days in order to comply with his obligation to assist with DHS efforts to obtain a travel document.

13. In accordance with immigration regulations, on or about July 14, 2008, Ricketts was notified that DHS had determined to continue his detention following a custody review. Exhibit B, pp. 1-2.

14. Further, as demonstrated by the respondents' various submissions relating to Ricketts failure to cooperate and assist with the DHS removal efforts, DHS has a factual basis for its finding that Ricketts has failed to comply with the requirements of INA § 241(a)(1)(C), 8 U.S.C. § 1231(a)(1)(C).

15. There is no institutional barrier to Ricketts's removal to Jamaica; in recent years, DHS has successfully repatriated thousands of aliens to Jamaica.

16. The only known obstacle to Ricketts's release from DHS custody by his removal to Jamaica is Ricketts's own failure to cooperate with the DHS efforts to remove him to Jamaica.

17. Consequently, DHS has an expectation that Ricketts will be removed to his native country of Jamaica within a

reasonable time once Ricketts begins to cooperate with the DHS efforts to secure travel documents for his removal.

18.  It is respectfully submitted that there is neither a factual nor a legal basis to support a conclusion that Ricketts is entitled to release at this time.

                                                                 S/GEORGE F. SCOTT

Sworn to before me this
10th day of October, 2008.

S/Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 6/30/2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Junior M. Ricketts,
A27-024-434,

                      Petitioner,

v.

Charles Mule, Facilities Director,
Buffalo Federal Detention Facility;      07-CV-0138-Sr
David Venturella, Director,
Post-Order Detention Unit,
Bureau of Immigration and Customs
Enforcement; Peter J. Smith,
District Director, U.S. Citizenship
and Immigration Services; Alberto
Gonzales, Attorney General of the
United States,

                      Respondents.

## CERTIFICATE OF SERVICE

    I hereby certify that on October 10, 2008, I electronically filed the foregoing **SUPPLEMENTAL AFFIDAVIT OF GEORGE F. SCOTT and EXHIBIT B,** with the Clerk of the District Court using its CM/ECF system.

    I hereby certify that on October 10, 2008, I mailed the foregoing **SUPPLEMENTAL AFFIDAVIT OF GEORGE F. SCOTT and EXHIBIT B,** by the United States Postal Service, to the following non-CM/ECF participant:

        Junior M. Ricketts
        A27-024-434
        Buffalo Federal Detention Facility
        4250 Federal Drive
        Batavia, New York 14020

                                  S/MARQUITTA R. WHITEHEAD
                                  Legal Assistant