IN THE UNTED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

JUNIOR M. RICKETTS
A27-024-434

              PETITIONER

    V.

Charles Mule, Facilities Director,
Buffalo Federal Detention Facility
David Venurella, Director
Post-Order Detention Unit,
Bureau of Immigration and Customs
Enforcement;
Peter J. Smith, District Director,
U.S. Citizenship and Immigration Services;
Alberto Gonzales, Attorney General of the
United States.

              RESPONDENT



07-CV-0138-Sr

---

## MEMORANDUM IN RESPONSE TO RESPONDENT'S SUPPLEMENTAL AFFIDAVIT

### STATEMENT

1. Under <u>Zadvydas v. Davis</u>, a person who claim to be a United States citizen and whose claim is not recognized by the Immigration and Custom Enforcement(ICE) cannot be indefinite detain because he seek judicial review of such claim. The United States Supreme Court has established that a person in the United States can claim superior constitutional protection, and if he is ordered deported he

1

has a constitutional right to a de novo judicial hearing on an unfrivolous claim to American citizenship. See Ng Fung Ho v. White, 259 U.S. 276 (1922); Agosto v. INS, 436 U.S. (1978).

Petitioner ("Ricketts", "Petitioner") has yet to have his claim to United States Citizenship judicial decided, as all attempts to raise the issue in the Court of Appeal for the Third Circuit were denied for lack of jurisdiction. However, On October 14, 2008, Ricketts filed in the Court of Appeals for the Third Circuit a Motion to Reinstate Petition For Review under docketed # 00-3270. See Exhibit A, pp. 8-23.

2. Ricketts is a citizen of the United States. See Exhibit A, pp. 1-5. See also (Docket No. 1, Petitioner's habeas corpus). He was wrongfully removed to Jamaica on April 03, 2000, while his claim to United States citizenship was pending in the Court of Appeals for the Third Circuit. On or about February 2003, after spending more than two years in the Jamaica Constabulary Force Immigration Remand Center, he was removed from the Island by the Jamaican Government and repatriated home as a United States citizen with a United States Passport that was issued by the State

Department. A passport that DHS claim without prove that it was fraudulently obtained. See Exhibit A. p. 6.

Unfortunately, after returning home, Ricketts get in trouble with the law and was sentenced to 3 to 6 years. On September 5, 2006, after he was released from the New York State authority, Ricketts was placed in the custody of ICE on a reinstatement order of removal that was not served pursuant to C.F.R. § 103. 5a(c)(2)(i).

Ricketts petition the Court of Appeals for the Third Circuit indicating that the reinstated order of removal was not served according to federal regulation and the fact that he is a United States citizen. The Court of Appeals for the Third Circuit dismissed Ricketts' petition for lack of jurisdiction without making any determination on the merit of his claim to United States Citizenship. Throughout his ICE incarceration, Ricketts has been trying to have his citizenship claim judicial decided without success (George F.Scott, Supplemental Affidavit Exhibit B, pp. 9-31), which is a constitutional rights guaranteed by the United States constitution. See Ng Fung Ho v. White, 259 U.S. 276 (1922); Agosto v. INS, 436 U.S. (1978).

Even though there is no judicial determination of Ricketts' claim to United States citizenship, and the fact

that ICE has failed to prosecute for illegal entry, or false claim to U.S. citizenship, ICE continue to maintain that Ricketts is a Jamaican citizen when they are aware of the fact that he was removed form the Island by the Jamaican Government and admitted as a United States citizenship. See Exhibit A, p. 6.

On May 11, 2005, the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 was enacted. This new law purports to eliminate habeas corpus jurisdiction over challenges to final orders of removal, deportation, or exclusion. As such, Ricketts is prevented to bring his claim of United States Citizenship in this Court, and until an alternative forum is available for his United States citizenship claim to be judicial decided, he will remain a stateless person under the danger of indefinite detention.

## ARGUMENT

## RICKETTS' Indefinite DETENTION IS UNLAWFUL

### A. Preliminary Statement

Prolonged detention raises substantial questions of constitution dimensions. See Jabir v. Ashcroft, No. Civ. A. 03-2480, 2004 WL 60318, at 86(E.L. La. Jan. 8, 2004)."

Deportable aliens, even those who have already been ordered removed, possess a substantive Fifth Amendment liberty interest…" Ly v. Hansen, 351 F.3d 263, 269 (6th Cir. 2003). According, aliens under an order of removal are entitled to an opportunity to be heard on the question of prolonged detention, and they may be kept locked up only if incarceration is justified. As recognized in Ngo v. INS, 192 F.3d 390, 397(3d Cir. 1999). " Freedom from imprisonment-from government custody, detention, or other from of physical restraint-lies at the heart of the liberty that the Fifth Amendment's Due Process Clause protects." Zadvydas, 533 U.S. at 690, 121 S.Ct. 2491. In Zadvydas, the Court stated that " government detention violates that Clause unless the detention is ordered in a criminal proceeding with adequate procedural protections, or, in certain special and 'narrow' non-punitive 'circumstance,' where a special justification, such as harm-threatening mental illness, outweighs the 'individual's constitutionally protected interest in avoiding physical restrain.'" Id. The fact that Petitioner, in this instant case, is seeking to have his claim of United States citizen judicial decided, and a relief from an unlawful detention that does not undermine the bedrock principal that there must be a

"special justification" outweighing the alien's constitutional-protected interest in liberty, as well as "adequate procedural protections" to continue incarceration. *Id*. At 690, 691, 121 S.Ct. 491.

## 1. Petitioner Has failed to Cooperate

Respondents contends in their supplemental affidavit that Ricketts failed to cooperate. Such contention is meritless. The relevant statutory provision provides that the 90-day removal period may be extended beyond the 90 days and the alien may remain in detention during that period only "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or act to prevent that alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). This statutory provision cannot be applied to Ricketts. Ricketts has provided truthful information to ICE concerning his place of birth and citizenship even though this may not be the information that ICE would like to have. See Exhibit A, pp. 1-5. Conversely, if Ricketts is not, in fact, a Jamaica citizen and therefore, cannot possibly obtain.. or even attempt obtaining..any valid proof of a Jamaica citizenship,

Respondents cannot be expected to remove him to a country having no ties with Petitioner. Pelich, 329 F.3d at 1060. In addition, the Jamaican Government cannot denied the fact that when Ricketts was wrongfully deported to the Island of Jamaica on April 03, 2000, he was placed in the Immigration Custody Remand Center, in Kingston, and after two years of incarceration he was removed from the Island by the Jamaica Government. See Exhibit A, pp. 6-7.

The Government cites no cases in support of its position that it may indefinitely detain an alleged alien whose claim to United States citizenship is not yet judicial decided. Therefore, Respondents' contention that Ricketts is not cooperating is meritless, and provides no basis for the suspension of the removal period or Ricketts' continued unlawful detention. See Shefqet v. Ashcroft, No. 01c7737, 2003WL 1964290, *4(N.D. ILL. Apr.28, 2003)(rejecting ICE's allegation of noncooperation as baseless where alien obtained his birth certificate and sought information from Yugoslavian Embassy regarding ICE's application for a travel document).

Moreover, to the extent that Respondents attempt to "suspend" the removal period after the removal period has already expired, the removal statute plainly does not permit

such maneuvering. The Government's regulations provide that the Government must provide the alien with a "'Notice of Failure to Comply'...*before the expiration of the removal period.*" 8 C.F.R. § 241.4(g)(1)(C)(ii) (emphasis added). If the act that the Government now deems as noncooperation took place during the 90-day removal period, the Government had every opportunity to invoke § 1231(a)(1)(C) during the removal period itself. This it failed to do without justification. Once the removal period has run, the Government cannot retroactively suspend that period pursuant to § 1231(a)(1)(C) when the act alleged to constitute noncooperation fell squarely within the removal period. See Seretse-Khama v. Ashcroft, 215 F.Supp. 2d 37, 53 n.19 (D.D.C.2002).

## 2. Ricketts is Likely To Be Removed In the Reasonably Foreseeable Future.

Respondents contention in the supplemental affidavit that Ricketts is likely to be removed in the reasonably foreseeable future is also meritless. Ricketts was removed from the Island by the Jamaican Government and repatriated home as a United States citizen. (Exhibit A, p.6.). Therefore, ICE has not demonstrated on how they intended in

getting a travel document from the Jamaican Government who had denied Ricketts admittance in April 03, 2000, when he was illegally deported there and later removed him.

Furthermore, already, Ricketts has been detained for over 24 months. This period of detention exceeds the six-month presumptively reasonable period of detention authorized by *Zadvydas*. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Although respondents state that they have made a request for travel documents from the Jamaica Consulate, the fact is that no travel documents have been issued to date. Because, the Consulate Of Jamaica has not issued travel documents, and that there is no evidence when, if ever, travel documents will be issued, ICE has not satisfied its burden and Ricketts must be released. See Shefget v. Ashcroft, No. 02 C 7737, 2003 WL1964290, 5(N.D. Ill. Apr. 28, 2003)(INS failed to carry burden of proof where no travel documents had been issued, Yugoslavian alien had been detained for 17 month, and INS had been able to remove other aliens to Yugoslavia during the period); Okwilagwe v. INS, No. 3-01-CV-1416, 2002 WL 356758, *2-3(N.D.Tex. Mar. 1, 2002)(INS failed to sustain its burden of showing aliens removal to Nigeria would occur in reasonably foreseeable future where alien detained for 11 months, and travel

documents not issued and no certainty as to when they might
be issued). <u>See</u> <u>Also</u> <u>Seretse-Khama v. Ashcroft</u>, 215 F. Supp.
2d 37, 53 (D.D.C.2002)(finding that Respondents failed to
meet their burden of proof under <u>Zadvydas</u> where they "have
not demonstrated to this court that any travel documents are
in hand, nor have they provided any evidence, or even
assurance from the Ligerian Government that travel document
will be issued in a matter of days or week or even months").

The fact that Ricketts has meet his burden of proof of
demonstrating that there is good reason to believe there is
no significant likelihood of his removal to Jamaica in the
reasonably foreseeable future, as described by the Supreme
Court in <u>Zadvydas</u>, Ricketts' continued detention is unlawful
and unconstitutional.

<b>CONCLUSION</b>

Therefore, it is respectfully requested that this Court
grant summary judgment in favor of Ricketts, and order his
release under appropriate ICE supervision.

Date: October 16, 2008

Respectfully Submitted

Junior M. Ricketts
Pro Se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

# EXHIBIT A

**Junior Ricketts A 27-024-434**
**Buffalo Federal Detention Facility**
**4250 Federal Drive**
**Batavia, NY 14020**

October 10, 2008

Daniel F. Henderson
Deportation Officer
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

<u>Re: Warning for Failure to Depart</u>

Dear Deportation Henderson:

In response to our last conversation on October 10, 2008, attached is a copy of my birth certificate and expired passport as you had requested. However, if these are not the information that you were expecting, or it is still your position that I am not a United States citizen, then just as I had previously explained to Deportation Officer Earl DeLong, I suggests you exercise your prosecutorial authority and file charges for illegal entry and false claim to U.S. Citizenship.

I will assure you that the evidence that was used by your previous administration (INS) in an administrative court to have me ordered removed to a country not of my birth, will not stand a chance under the rule of evidence in an federal courts.

Therefore, until my claim to United States citizenship is <u>judicial decided</u> as guaranteed by the United States constitution, I would be very grateful if you stop insulting my intelligence, and stop treating me with indefinite detention everything we have a conversation.

Sincerely,

Junior. M. Ricketts

cc/ File





VR 115 (Rev. 6/87) 9-922177-375M

# THE CITY OF NEW YORK
## DEPARTMENT OF HEALTH
### BUREAU OF VITAL RECORDS
## CERTIFICATION OF BIRTH

This is a certification of name and birth facts on file in the Bureau of Vital Records, Department of Health, City of New York.

**DATE OF BIRTH** AUGUST 31, 1964    **CERTIFICATE NO.** 156-64-337372

**BOROUGH** BROOKLYN    **DATE FILED** 10-26-64    **DATE ISSUED** 03-30-90

**NAME** JUNIOR MOHAMMED RICKETTS ***

**SEX** MALE

**MOTHER'S MAIDEN NAME** LIZZIE MAE PAGE

**FATHER'S NAME** ROBERT MILES, JR.

*Irene A. Scanlon*
IRENE A. SCANLON
CITY REGISTRAR

Do not accept this transcript unless it bears the raised seal of the Department of Health. The reproduction or alteration of this certification is prohibited by Section 3.21 of the New York City Health Code.

§x·2



000425

PASSPORT

United States
of America

Exhibit
"D"

3

000492

000493



PASSPORT
PASSEPORT

UNITED STATES OF AMERICA

Type/Type       Code/Code       Passport No./No. du Passeport
P               USA             D06041569

Surname/Nom
MILES

Given Names/Prénoms
PAUL MILTON

Nationality/Nationalité
UNITED STATES OF AMERICA

Date of birth/Date de naissance
31 AUG/AOU 64

Sex/Sexe          Place of birth/Lieu de naissance
M                 NEW YORK, U.S.A.

Date of issue/Date de délivrance
23 MAY/MAI 84

Authority/Autorité
PASSPORT AGENCY
NE CENTER, NEW YORK

Date of expiration/Date d'expiration
22 MAY/MAI 94

Amendments/Modifications
SEE PAGE
24

P<USAMILES<<PAUL<MILTON<<<<<<<<<<<<<<<<<<<<<<<
D06041569USA6408310M9405228<<<<<<<<<<<<<<<<<0

## IMPORTANT INFORMATION

THIS PASSPORT IS THE PROPERTY OF THE UNITED STATES GOVERNMENT. IT MUST BE SURRENDERED UPON DEMAND MADE BY AN AUTHORIZED REPRESENTATIVE OF THE U.S. GOVERNMENT.

LOSS, THEFT OR DESTRUCTION OF PASSPORT should be reported immediately to local police authorities and to the Passport Services, Washington, D.C. 20520, or, if overseas, to the nearest American embassy or consulate. Your passport is a valuable citizenship and identity document. It should be carefully safeguarded. Its loss could cause you unnecessary travel complications as well as significant expense.

ALTERATION OR MUTILATION OF PASSPORT. This passport must not be altered or mutilated in any way. Alteration may make it INVALID and, if willful, may subject you to prosecution (Title 18, U.S. Code, Section 1543). Only authorized officials of the United States or of foreign countries, in connection with official matters, may place stamps or make statements, notations or additions in this passport. You may amend or update personal information for your own convenience on page four.

EXPIRATION. The expiration date is given on the inside front cover.

LOSS OF NATIONALITY. You may lose your U.S. nationality by being naturalized at, or by taking an oath or making a declaration of allegiance to, a foreign state, or by serving in the armed forces or accepting employment under the government of a foreign state, or by making a formal renunciation of nationality either in the United States or before a diplomatic or consular officer of the United States while abroad. For detailed information, contact the nearest American embassy or consulate.

DUAL NATIONALS. A person is considered a dual national when he owes allegiance to more than one country at the same time. A claim to allegiance may be based on facts of birth, marriage, parentage or naturalization. A dual national may, while in the jurisdiction of the other country which considers that person its national, be subject to all of its laws, including being conscripted for military service. Dual nationals who encounter problems should contact the nearest American embassy or consulate.

WHEN TRAVELING IN DISTURBED AREAS you should keep in touch with the nearest American embassy or consulate.

IF YOU RESIDE ABROAD or when traveling in remote areas you should register at the nearest American embassy or consulate.

4

*Amendments and Endorsements*
*Modifications et Mentions Spéciales*

22

AN 1022092

-THIS PASSPORT IS AMENDED TO **CHANGE**
BEARER'S NAME TO READ JUNIOR MOHAMMED
RICKETTS.

4573161

000494



U.S. Department of Homeland Security
Batavia, NY 14020

## U.S. Immigration
## and Customs
## Enforcement

Junior RICKETTS
C/O Buffalo Federal Detention Facility
A#27 024 434
4250 Federal Drive
Batavia, New York 14020

## Decision to Continue Detention
## Following File Review

This letter is to inform you that your custody status has been reviewed by the Department of Homeland Security (DHS) and that you will not be released from custody at this time.

This decision was based on a review of your file record and consideration of information you submitted to DHS' reviewing officials.

You are not being released because:

The record shows that you are a native and citizen of Jamaica who illegally reentered the United States with a fraudulently obtained US passport on or about February 2003 at New York City. You were issued an order to reinstate your removal order from April 03, 2000 on April 28, 2005. You filed with the 3rd District Court of Appeals and it was dismissed on April 16, 2007.

Due to your convictions for forgery, grand larceny, embezzlement, illicit transportation of minor with intent to engage in sexual act and intercourse without consent you are considered a threat to the community. Due to your uncooperativeness in assisting to obtain a travel document along with the fact that you reentered the US with a fraudulently obtained passport you are considered a major flight risk.

For the above-stated reason, it is therefore the decision of ICE that you should remain in custody at this time.

The DHS will conduct another review of your custody status in accordance with current regulations. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact: Deportation Officer Hester

Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020

_____
William Cleary, Director DRO Field Office

6/6/07
Date

6 39



767 THIRD AVE.
NEW YORK, NY 10017
TEL: (212) 935-9000
FAX: (212) 935-7507
Web: www.congenjamaica-ny.org
E-mail: registry@congenjamaica-ny.org

# CONSULATE GENERAL OF JAMAICA

Ref. No.: 8/09

11 February 2008

Junior Ricketts A#27024434
Buffalo Federal Detention Facility
4250 Federal drive
Batavia, NY 14020

Dear Mr. Ricketts,

This serves to acknowledge receipt of your most recent letter dated 5 February 2008.

We will continue to pursue this matter with Kingston in the hope that your case may be resolved satisfactorily to all concerned.

You will be advised of the outcome as soon as a response is received.

Yours sincerely,

Lisa Bryan Smart (Mrs.)
Deputy Consul General



No. 00-3270

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

JUNIOR M. RICKETTS
A 27-024-434

Petitioner,

v.

U.S. ATTORNEY GENERAL

Respondent.

---

## MOTION TO REINSTATE PETITION FOR REVIEW

---

Junior M. Ricketts, the petitioner herein, moves to reinstate his appeal, which was dismissed by the clerk on July 31, 2000 for want of prosecution. The grounds for this motion, as described more fully in the supporting affidavit filed herewith, are that the clerk dismissed this petition for review for failure to file a brief.

As petitioner was removed from the United States to Jamaica thirteen days after his petition was filed and before this Court had issued a Stay of Removal in violation of Petitioner's constitutional right to a de novo judicial hearing on his claim to American citizenship, and the fact



that his departure was not legally executed, the time for filing this motion should be tolled.

Also, as the enactment of the REAL ID Act which has eliminate any other forum for petitioner claim to United States citizenship to be judicial decided, petitioner pray that this Court will grant the motion in the interest of justice and make a determination on his claim of United States citizenship.

If this motion is granted by the Court, petitioner requests 14 days to file his opening brief.

Date: October 14, 2008

Junior M. Ricketts, Pro Se
# A27-024-434
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14220

9

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

JUNIOR M. RICKETTS

                    PETITIONER

                    V.

ATTORNEY GENERAL OF THE UNITED STATES

                    RESPONDENT

AFFIDAVIT IN SUPPORT
OF MOTION TO REINSTATE
PETITION FOR REVIEW

C.A. NO. 00-3270

---

State of New York    )
County of Genesse    ) ss.:

   Junior M. Ricketts being duly sworn, deposes and says:

I, Junior M. Ricketts, am the named petitioner in the above-
captioned matter, and I am making this affidavit in support
of a Motion to reinstate petition for review.

1.   On November 03, 1999 the Immigration Judge denied my
motion to terminate removal proceeding stating that my claim
to United States Citizenship was not proven, and ordered me
deported to Jamaica. See Exhibit "A".

2.   On March 08, 2000 the Board of Immigration Appeals



years in the Jamaica Constabulary Force Immigration Remand
Center, I was removed from the Island by the Jamaican
Government and repatriated home.

7. As a result of this departure that was not legally
executed, I was denied the right to effectively present my
appeal, and denied the right for a de novo judicial decision
on my claim to United States Citizenship in violation of my
constitutional right. See Ng Fung Ho v. White, 259 U.S. 276
(1922); Agosto v. INS, 436 U.S. (1978). Also See Joseph v.
Attorney General of the U.S., 421 F.3d 224 (C.A.3. 2005).

8. On May 11, 2005, the REAL ID Act of 2005, Pub. L. 109-13,
119 Stat. 231 was enacted. This new law purports to
eliminate habeas corpus jurisdiction over challenges to
final orders of removal, deportation, or exclusion, and as
such, I am prevented to bring my claim of United States
Citizenship in the lower Court. In other word, I have no
other alternative forum (except in requesting that the court
reinstate the petition under document number 00-3270) to
present my case and have my United States Citizenship
judicial decided.

9. As the right to judicial review of my citizenship claim and U.S. citizenship are guaranteed by the United States constitution, I am submitting this motion and affidavit praying that this court in the interest of justice will reinstate my petition for review and make a determination on my claim of United States Citizenship.

Date: October 14, 2008

Respectfully submitted

Junior M. Ricketts
Pro Se
# A 27-024-434
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

Sworn to before me this:

14th day of October, 2008

Notary Public

RICHARD ENSMINGER
NOTARY
EXP. 8 26 10
ERIE COUNTY, NEW YORK
PUBLIC

4          12

# EXHIBITS

13

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge



In the Matter of:

Ricketts, Junio N.
AKA Miles, Paul M.
RESPONDENT

Case No.: A 27-024-434
Docket: York, Pa

IN ~~DEPORTATION~~ PROCEEDINGS
Removal

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _____
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

[X] The respondent was ordered deported to Jamaica _____

[ ] Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to _____

[ ] Respondent's application for voluntary departure was granted until _____, with an alternate order of deportation to _____ or _____

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other

[ ] Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other

[ ] Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Proceedings were terminated.

[ ] The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under Section 246.

[X] Other Claim to U.S. citizenship not proven.

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_____
Immigration Judge

Date: 11-3-99

Appeal: ~~RESERVED~~/WAIVED (A)( I /B ) December 3, 1999

Form EOIR - 37
REV. - JUNE 93



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

RICKETTS, JUNIOR NATHANIEL
600 OLD COLONY ROAD
SELINSGROVE, PA 17870-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

COPY

Name: RICKETTS, JUNIO NATHANIEL

A27-024-434

<u>Date</u> of this notice: 03/08/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Paul W. Schmidt*

Paul W. Schmidt
Chairman

Enclosure

RECEIVED
DEPARTMENT OF JUSTICE
2000 MAR 13 A 11: 11

Panel Members:
JONES, PHILEMINA M.
THOMAS, ELLEN K.
VACCA, FRED W.

ANDREWSE
N-8

File:  A27 024 434 - York                         Date:      **MAR - 8 2000**

In re:  JUNIOR NATHANIEL <u>RICKETTS</u> a.k.a. Junior Mohammed Ricketts, a.k.a. Paul Milton
        Miles

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF SERVICE:     Jeffrey T. Bubier
                          Assistant District Counsel

CHARGE:

    Notice:  Sec.   237(a)(1)(A), I&N Act [8 U.S.C. § 1227(a)(1)(A)] -
                    Inadmissible at the time of entry or adjustment of status
                    under section 212(a)(7)(A)(i)(I), I&N Act [8 U.S.C.
                    § 1182(a)(7)(A)(i)(I)] - Immigrant - no valid immigrant
                    visa or entry document

             Sec.   237(a)(1)(B), I&N Act [8 U.S.C. § 1227(a)(1)(B)] -
                    In the United States in violation of law

             Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                    Convicted of aggravated felony

             Sec.   237(a)(3)(D), I&N Act [8 U.S.C. § 1227(a)(3)(D)] -
                    False claim of United States citizenship

APPLICATION:  Termination

    The respondent's appeal of the Immigration Judge's decision finding him to be a citizen and
national of Jamaica and ordering him removed from the United States will be dismissed.

    The respondent in this case asserts that the Immigration Judge erred in finding that he is a citizen
and national of Jamaica. The respondent maintains that he was born in the United States on August
31, 1964. As such, the respondent claims that he is a United States citizen. The respondent also



A-9

argues that the Immigration Judge abused his discretion in admitting certain documents into the record of proceedings obtained in violation of his rights under the Fourth and Fifth amendments of the United States Constitution.

The respondent was convicted on January 9, 1995, of illegal entry and harboring aliens in the United States in violation of 8 U.S.C. § 1324(a)(1)(D). The respondent was also convicted of embezzlement of funds from a federally funded government agency, fraud and misuse of an alien registration card, and illicit transportation of a minor with the intent to engage in sexual activity, in violation of 8 U.S.C. §§ 666(a)(1)(A), 1546, and 2423. As a result of these convictions the Immigration and Naturalization Service served the respondent with a Notice to Appear (Form I-862) and charged him with deportability under sections 237(a)(1)(A), 237(a)(1)(B), 237(a)(2)(A)(iii), and 237(a)(3)(D), of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(1)(A), 1227(a)(1)(B), 1227(a)(2)(A)(iii) and 1227(a)(3)(D). We note that the respondent does not contest the allegations that he was convicted or that the convictions are deportable offenses, instead, the respondent contests the Service's allegation that he is an alien.

The respondent in this case maintains that he was born Paul Milton Miles, son of Lizzie Mae Page and Robert Miles, in Brooklyn, New York. In support of this contention the respondent provided a copy of a birth certificate, United States passport, drivers license, credit report, educational records, and name change petition. The Immigration and Naturalization Service disputes the respondent's citizenship claim and charges that he is, in fact, a native and citizen of Jamaica. The Service asserts that while working for the New York City Human Resources Administration the respondent illegally obtained the records of the real "Paul Milton Miles," a United States citizen, and assumed his identity. The Service presented the testimony of Gary Hittelman, a retired Service Special Agent, and Gerard Hoey, Deputy Inspector General of the New York City Department of Investigation in support of their claim. Citing the respondent's lack of credibility, the Immigration Judge found that the respondent was not a United States citizen. The Immigration Judge, instead, concluded that the respondent was a native and citizen of Jamaica, and ordered him removed from the United States.

Neither the Immigration Judge nor this Board have the authority to deport a United States citizen. See Trop v. Dulles, 356 U.S. 86 (1957); Matter of Fuentes, 21 I&N Dec. 893, 898-99 (BIA 1997). Nevertheless, we concur with the Immigration Judge's conclusion finding that the respondent's claims to United States citizenship lack credibility (I.J. at 7). The respondent in this case presented inconsistent evidence in support of his claim to citizenship. For example, the respondent presented evidence that he legally changed his name from "Paul Milton Miles" to "Junior Mohammed Ricketts" in 1984. When confronted by the Service with the fact that the name "Junior Nathaniel Ricketts" appeared on a Jamaican passport found in his apartment the respondent testified that the passport had been obtained for him in 1984 by a Jamaican man named Junior Ricketts (Tr. at 187).



A - 10

A27 024 434

We find that the above discrepancy, along with many others detailed by the Immigration Judge in his written decision, provide specific and cogent reasons to support the Immigration Judge's conclusion that the respondent's claim lacks credibility. We note that a convincing explanation for these discrepancies has not been supplied by the respondent. Consequently, we will accord deference to the Immigration Judge's findings concerning the respondent's lack of credibility in this case. See Matter of A-S-, 21 I&N Dec. 1106 (BIA 1998).

Alternatively, we note that the Service has provided ample credible evidence showing the respondent to be a native and citizen of Jamaica. As noted above the Service provided a copy of the respondent's Jamaican passport, bearing his picture and signature. The Service also included copies of numerous arrival departure records (Form I-94) for a Junior Nathaniel Ricketts bearing the same identification number contained in his Jamaican passport. In light of the overwhelming evidence contained in the record we will affirm the Immigration Judge's decision in this case and find that the respondent is a native and citizen of Jamaica.

We reject the respondent's motion to suppress. Absent a showing of widespread abuse or an egregious violation that transgresses notions of fundamental fairness, an alien in immigration proceedings cannot suppress evidence assertedly procured in violation of his rights under the United States Constitution. See INS v. Lopez-Mendoza, 468 U.S. 1032 (1984). A motion to suppress must provide specific details of the Constitutional violation. See Matter of Barcenas, 19 I&N Dec. 609 (BIA 1988). In this case there is little evidence to support the respondent's assertions that the documentary evidence was procured in violation of his Constitutional rights. As such, we deny the respondent's motion to suppress. Accordingly, the following order shall be entered.

ORDER: The respondent's appeal is dismissed.

_Phil M Nuil Jun_
FOR THE BOARD

3


DOCUMENT NO. E 093924




# THE CITY OF NEW YORK
## DEPARTMENT OF HEALTH
### BUREAU OF VITAL RECORDS
# CERTIFICATION OF BIRTH

This is a certification of name and birth facts on file in the Bureau of Vital Records, Department of Health, City of New York.

| | |
|---|---|
| DATE OF BIRTH | AUGUST 31, 1964 |
| CERTIFICATE NO. | 156-64-337372 |
| BOROUGH | BROOKLYN |
| DATE FILED | 10-26-64 |
| DATE ISSUED | 03-30-90 |

NAME     JUNIOR MOHAMMED RICKETTS ***

SEX     MALE

MOTHER'S MAIDEN NAME     LIZZIE MAE PAGE

FATHER'S NAME     ROBERT MILES, JR.

*Irene A. Scanlon*

IRENE A. SCANLON
CITY REGISTRAR

Do not accept this transcript unless it bears the raised seal of the Department of Health. The reproduction or alteration of this certification is prohibited by Section 3.21 of the New York City Health Code.

$2x^{-2}$



$R1B$

To be completed by Service officer executing the warrant:
Name of alien being removed:

Junior                                                    RICKETTS

Port, date, and manner of removal: _JFK; 04/04/2000; Air Jamaica Flt# 010_
                                                              03
                                                              03        April 03, 2000



Photograph of alien
removed



Right index fingerprint
of alien removed

_____
(Signature of alien being fingerprinted)

_____
(Signature and title of INS official taking print)

Departure witnessed by: _Douglas Sabms    DEO_
                                              (Signature and title of INS official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure Verified by: _____
                                              (Signature and title of INS official)

20

Form I-205 (Rev. 4-1-97) N

40

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2008 I, Junior M. Ricketts, caused to be served on Respondent's a copy of the Petitioner's Motion via regular mail, address to:

**Michael Muskasey**
**U.S. Attorney General**
**United States Department of Justice**
**10th Street NW and Constitution Ave**
**Washington, DC 20530**

**Thomas W. Hussey, Director**
**U.S. Department of Justice**
**Civil Division, OIL**
**P.O. Box 878, Franklin Station**
**Washington, D.C. 20044**

Junior M. Ricketts
A27-024-434
Pro Se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

21

IN THE UNTED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

JUNIOR M. RICKETTS
A27-024-434

                    PETITIONER

        V.

Charles Mule, Facilities Director,
Buffalo Federal Detention Facility
David Venurella, Director
Post-Order Detention Unit,                    07-CV-0138-Sr
Bureau of Immigration and Customs
Enforcement;
Peter J. Smith, District Director,
U.S. Citizenship and Immigration Services;
Alberto Gonzales, Attorney General of the
United States.

                    RESPONDENT

---

## CERTIFICATE OF SERVICE

I, Junior M. Ricketts, hereby certify on October 16, 2008, I
cause to be served on Respondents' Attorney a copy of the
Petitioner's Memorandum in Response to Respondent's
Supplemental Affidavit by the United States Postal Service
to the following participant at her last know address:

**Gail Y. Mitchell**
**Assistant U.S. Attorney**
**United States Attorney's Office**
**Western District of New York**
**138 Delaware Avenue**
**Buffalo, New York 14202**

                              Junior M. Ricketts
                                        Pro Se
                              # A 27-024-434
                    Buffalo Federal Detention Facility
                              4250 Federal Drive
                              Batavia, New York 14020